CONSTANS C. HEMPHILL, Appellant, *vs.* HENRY W. HOLLEY, Respondent.

APPEAL FROM THE DISTRICT COURT OF FILLMORE COUNTY.

A complaint for libel set forth the facts as follows:

"Sorry to hear it. We learn that the doors of a prominent Democrat in Chatfield, have been shut against Father Hemphill, *professed* editor of the Democrat." Thereby intending and meaning this Plaintiff, who was then the editor of the Chatfield Democrat, a newspaper published in Chatfield aforesaid, and meaning that doors had been shut against this Plaintiff. "Cause, petit larceny, viz: taking a few spoons at one time, and at another a few children's diapers from the clothes line." Thereby intending and meaning this Plaintiff, and accusing him, this Plaintiff, of having committed the crime of petit larceny. "You should not be too hard on him (meaning this Plaintiff) Major, for the first offence." Thereby meaning and intending this Plaintiff, &c.

*Held*—That a person of "common understanding" would know that the pleader intended to charge that all the words included in the quotation marks constituted the libel published, and not merely the first quotation. And the Defendant having answered, admitting the publication as charged, and attempting to justify the whole, he is estopped from claiming that he did not understand the words intended to be charged as libellous.

Action for libel. Verdict for Plaintiff. Motion by Defendant in arrest of judgment, and for new trial, on the ground that the complaint does not contain facts sufficient to constitute a cause of action. Motion granted and appeal from that order.

The complaint alleges that the Defendant published a libel in the words : "Sorry to hear it.—We learn that the doors of a prominent Democrat in Chatfield have been shut against Father Hemphill, professed editor of the Democrat," thereby intending and meaning this Plaintiff, who was then the editor of the Chatfield Democrat, a newspaper published in Chatfield aforesaid, and meaning that doors had been shut against this Plaintiff. "Cause, petit larceny, viz: taking a few spoons at one time, and at another, a few children's diapers from the clothes line," thereby meaning and intending, &c. "You should not be too hard on him, Major, for the first offence," thereby meaning, &c.

The Defendant objects that there is no allegation of the publishing of any except the first part, in quotation marks, and that that is not libellous.

Points and authorities of Appellant :

*First.*—The allegation in the complaint that the Defendant published a libel containing the libellous matter following, is clearly an allegation of the publishing of all the matter that can be referred to the word "following."

Now the whole libel immediately follows that word, and in one continuous connection, except as it is interrupted by the innuendoes to show the reference and meaning of the words. The matter of the libel, too, is all in quotation marks, the innuendoes not. Had the innuendoes been in brackets, there is no doubt but that the complaint would have been in the most approved form. It cannot be possible that the omission of brackets, the sense remaining plain, will make a complaint under the Code bad. 3 *Burrill, Pr.* 324 ; 2 *Chitty's Pr.* 620; *Comp. Stat. Title Pleadings, p.* 339 ; *Van Santvoord's Pleadings, p.* 271.

*Second.*—Even if the complaint were bad, such an error is plainly cured by verdict: 7 *Missouri,* 314, *Borden vs. Fitch*; 15 *Johns.* 121 ; 1 *Johns.* 276, *Owens vs. Morehouse* ; 15 *Johns.* 250 *and* 327, *Bartletts vs. Crozier and Duffie vs. Hayes* ; 15 *Wend.* 502, *Mann vs. Eckford.*

Even if the complaint were bad, the defect being merely technical, the Court would allow the Plaintiff to amend and

keep his verdict. *Norris vs. Durham*, 9 *Cow*. 151 ; *Thomas vs. Leonard*, 11 *Wend*. 53.

*Third.*—The order granting a motion for a new trial was absurd, and should be reversed.

Points and authorities of the Respondent :

*First.*—The Defendant submits that there is no allegation in the complaint that the Defendant published any thing of and concerning the Plaintiff except the allegations. That said Defendant published of and concerning the Plaintiff, a libel containing the false, scandalous, malicious, defamatory and libellous matter *following*, of and concerning this Plaintiff— that is to say—

" Sorry to hear it.—We learn that the doors of a prominent Democrat in Chatfield, have been shut against Father Hemphill, professed editor of the Democrat," thereby intending and meaning this Plaintiff, &c.

The word "following" in the foregoing allegation, in a general sense, means and refers to what immediately *next* follows, and *Minn. Stat. p.* 114, *Sec.* 12, specially limits the meaning and reference of the word to be that immediately *next* following, and not to any thing beyond an intervening clause. The innuendo succeeding the above quoted allegation is not of course pretended to be any part of the alleged publication.

The pleadings must distinctly allege *each part* of a libel by *separate allegations*, that Defendant published of and concerning the Plaintiff, &c.   2 *Saunders Pleadings and Evi.* 370.

A complaint must contain a statement of the facts constituting a cause of action, in ordinary and concise language. *Minn. Stat. p.* 540, *Sec.* 64.

*Second.*—Verdict does not cure this defect in complaint, it being not a defective statement of a cause of action, but an entire want of an averment of a cause of action.   11 *Wend*. 374 ; 17 *Johns*. 439, *and this overruling* 15 *Johns*. 250 ; *Van Santvoord's Pleadings*, 271.

As to Plaintiff's points :

*1st.*   That all the matter alleged to be charged, refers back to the word " following," is only the construction of the counsel

against the general and statutory construction of that word. The Plaintiff's authorities upon this point to wit: *Compiled Statutes, Title Pleadings*, 339, (539); *Van Santvoords Pleadings, p.* 271, do not bear the construction given by Plaintiff's counsel, but the reverse. The other authorities cited by Plaintiff upon this point, viz: 3 *Burrill Pr.* 324; 2 *Chitly Pr.* 620, I have not access to, but if they give a different construction from that given by our statute, they are exceptions to the general and ordinary construction also.

2*d*. That verdict cures the defect. 15 *John.* 121. This case goes to the extent that where a count contains a sufficient cause of action the verdict cures minor defects. But our objection to this complaint is that it does not contain a sufficient cause of action, nor any cause of action. 1 *John.* 276. If Defendant fail to appear, he cannot take advantage of a variance between the declaration and process, and want of an averment (in such case) will after judgment be intended to have been supplied by proof. This is not a parallel case at all, for

1*st*. In the case at bar no failure to appear.

2*d*. No attempt to take advantage of a variance.

3*d*. No judgment.

4*th*. A matter proved without averment is not available. 15 *John.* 250. This case was reversed by Court of Errors. *See* 17 *Johns.* 439; 15 *John.* 327, not a parallel case, the decision therein being that want of special averments was cured.

A special averment is not one charging a main cause of action, but one stating an incidental fact, necessary to sustain the main cause charged; while our case is that the general averment of a cause of action is entirely wanting. 15 *Wend.* 502. After discussing this case the judge says that the presumption does not extend to a case where an averment has been wholly omitted. Such is our case exactly.

9 *Cowan*, 151. This was a motion for arrest of judgment for the defect in the fourth count, in declaration or for a new trial, on the ground of variance, &c., and opposed, but granted.

11 *Wend.* 53. Not applicable in fact or principle. It was a motion for arrest of judgment, on the ground that suit was commenced before cause of action accrued. The Judge said

that the error was fatal, but as it was merely a clerical error, he gave leave to amend on payment of costs, and to keep verdict.

There can be no pretence that in the case at bar the error or complaint is merely a clerical one, it being an entire want of an averment of a cause of action.  7 *Missouri*, 314.  This authority not at hand, but it may be safely presumed that neither it nor any other will be found to hold that a verdict cures a total want of averment of a cause of action.

Allis & Peckham, Counsel for Appellant.

Simeon Smith, Counsel for Respondent.

*By the Court.*—Atwater, J.  This was an action for libel brought by Hemphill, the Plaintiff below, against Holley, and a verdict was rendered for the Plaintiff.  The Defendant then moved for an arrest of judgment, and for a new trial, on the ground that the complaint does not state facts sufficient to constitute a cause of action.  The Court below sustained the motion, and granted an order allowing a new trial.  From this order the Plaintiff appealed to this Court.

The libel complained of is set forth as follows, viz :  " Sorry to hear it.  We learn that the doors of a prominent Democrat in Chatfield have been shut against Father Hemphill, *professed* editor of the Democrat."  Thereby intending and meaning this Plaintiff, who was then the editor of the Chatfield Democrat, a newspaper published in Chatfield aforesaid, and meaning that doors had been shut against this Plaintiff.  " Cause, petit larceny, viz: taking a few spoons at one time, and at another, a few children's diapers from the clothes line."  Thereby intending and meaning this Plaintiff, and accusing him, this Plaintiff of having committed the crime of petit larceny.  " You should not be too hard on him, (meaning this Plaintiff) Major, for the first offence," thereby meaning and intending this Plaintiff, &c.

The Appellant claims that there is no allegation in the complaint, that the Defendant published anything concerning the Plaintiff, except the language contained in the first quotation marks, ending with the word "Democrat," before the first

30

innuendo, and comprising about three lines.   He urges that the word "following," which precedes the quotation, necessarily limits the charge to those words only, and cites in support of that view *Comp. Stat. p.* 114, *Sec.* 12.   That section refers to an entirely different matter from that under consideration, and neither in terms or by inference, can it have any bearing upon this question.

The cause of action in this case is the alleged publication of a certain libel of and concerning the Plaintiff.   The statute requires the complaint to contain " a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." That the complaint sets forth a libel, or words actionable, does not seem to be denied, the only question being, whether there is a proper allegation that the Defendant published those words.   To my mind it is entirely clear that the complaint does so allege, in the manner required by statute.   That a person of " common understanding," reading the complaint, would not know that the pleader intended to charge that all the words included in quotation marks, were the libel published by the Defendant, seems incredible.   So construed, the meaning is plain and unambiguous; to attempt to give any part of those words any other construction, is to render them totally meaningless.   The quotation marks of themselves show that the words are the language of some other person than the pleader, and the other language referred to is the libel published by Defendant.   The complaint only differs from the approved forms in declarations for libel in this, that the pleader has not included his innuendoes in parentheses.   But where the sense is clear, a verdict will not be set aside, for an error in punctuation in the pleadings.

But the Defendant is estopped from raising this objection, for he has admitted the publication of the libel, and attempted to justify in his answer.   The answer alleges that " this Defendant in answer to the complaint in this action, admits that he is one of the editors of the Chatfield Republican, and that on the 5th day of July, 1859, he did publish in said paper the words charged in said complaint."   That the Defend-

ant understood this admission to cover all the language in the complaint included in quotation marks, is evident also from the following language of the answer, viz: "Defendant for further answer says, that he is informed and believes that before and at the time of publishing the words complained of as aforesaid, this Plaintiff and his family were reporting and stating to their neighbors and friends, that their neighbors (the prominent Democrat and Major mentioned in said publication) and his family had charged said Plaintiff and his family with petit larceny," &c. Clearly, therefore, the Defendant when he answered, perfectly understood what were the words charged and intended to be charged as libellous, and having undertaken to justify the whole, it is with a bad grace he now urges that the complaint can only apply to a part.

The order granting a new trial is reversed, and the cause remanded for entry of judgment in accordance with the verdict.