ANNA BROWN, Appellant, *v.* JOHN C. MOORE, Respondent.

*Slander — words not slanderous per se — office of an innuendo.*

Innuendoes cannot extend the meaning of words beyond what is justified by the words themselves and by the extrinsic facts with which the words are connected.

It appeared upon the trial of an action for slander, brought under section 1906 of the Code of Civil Procedure, that the plaintiff said to and of the defendant, a married woman, " What are you ?  You worked as a cook in Martin Burns' low hotel.  Any one that worked there aint much, and I can prove it; and I dare you to arrest me," and that upon another occasion the plaintiff said to the defendant that a person mentioned was a gentleman, " but you are not a lady." These allegations were joined in the complaint with an innuendo that by the words spoken the defendant meant that the plaintiff was a common prostitute and of bad character.  The complaint contained no allegation of special damage, and no special damages were proved upon the trial.

*Held,* that the words were not slanderous *per se,* and that a nonsuit was proper.

APPEAL by the plaintiff, Anna Brown, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 18th day of March, 1895, upon a nonsuit granted after a trial at the Monroe Circuit before the court and a jury, and also from an order entered in said clerk's office on the 28th day of March, 1895, denying the plaintiff's motion for a new trial made upon the minutes.

*John H. Keef,* for the appellant.

*William Johnson,* for the respondent.

WARD, J.:

The plaintiff was nonsuited at the Monroe Circuit in March, 1895, upon the close of the plaintiff's evidence, upon the ground that the words spoken, if proved, were not slanderous *per se,* and that no special damage was alleged.  The plaintiff was a married woman, and brought this action against the defendant, charging that he had, in a public place, and in the presence of others, said, concerning the plaintiff : " What are you ?  You worked as a cook in Martin Burns' low hotel.  Any one that worked there aint much, and I can prove it ; and I dare you to arrest me."  (Meaning thereby and by those words that plaintiff was, and had been a common prostitute, and of

bad character.) To which plaintiff said : " That is not so." Whereupon the defendant maliciously said, " You are a liar. You are crazy." And on another occasion later on, the complaint charged that the defendant wickedly and maliciously said in the hearing and presence of one Mr. McFadden, " that he (meaning Mr. McFadden) was a gentleman, but you (speaking to the plaintiff) are not a lady," meaning thereby to hold out plaintiff to be of bad character. It was proved by several witnesses that these words were spoken of and concerning the plaintiff in the presence of others in the city of Rochester. The plaintiff claimed upon the trial, and takes the position here, that the words used imputed unchastity to the plaintiff, or at least it was a question for the jury to determine whether they imputed such unchastity, and it was error not to submit the case to the jury.

The action is brought under section 1906 of the Code of Civil Procedure, which provides that " in an action of slander brought by a woman for words imputing unchastity to her, it is not necessary to allege or prove special damages." This section is the substance of chapter 219 of the Laws of 1871. Prior to that time words imputing unchastity to a woman were not actionable *per se*, but if special damage, as a result of such words, was alleged in the complaint and proved upon the trial, it might be recovered by the party aggrieved. There is no special damage alleged in this complaint, and none was proved upon the trial. We meet upon this appeal the simple question whether the words spoken imputed unchastity to the plaintiff, and whether the words used could be fairly construed in that direction by the jury, even with an innuendo averring that the intent was to charge her with being a prostitute. Innuendos cannot extend the meaning of the words beyond what is justified by the words themselves and the extrinsic facts with which they are connected. (*Sanderson* v. *Caldwell*, 45 N. Y. 398.) It does not follow because a woman is called " not a lady," or mean or low, or labors for low people, that she is unchaste. She may have habits and vices and associations that might subject her to the imputations contained in the words used and still not be subject to the charge of unchastity or guilty of it. Words in these actions are things, and where they are actionable *per se* they must make a clear statement of the actionable charge, and the court and jury will

not guess and surmise what might have been intended by the words that are not borne out by the words themselves. It has been held in Massachusetts that to say of a female that she is a bad girl or a bad woman is not actionable, even with an innuendo averring that the intent was to charge her with being a prostitute, unless at the same time there were averments and colloquium that would warrant the innuendo. (*Snell* v. *Snow*, 13 Metc. 278; *Fitzgerald* v. *Robinson*, 112 Mass. 380; *Riddell* v. *Thayer*, 127 id. 489.) Such averments or colloquium are lacking in this case. We have only the words used and the occasion on which they were used, and the innuendo stated in the complaint.

The judgment and order should be affirmed.

LEWIS, BRADLEY and DAVY, JJ., concurred.

Judgment and order affirmed.