(31 Misc. Rep. 393.)

### TAYLOR v. WALLACE.

(Supreme Court, Trial Term, Kings County. May, 1900.)

SLANDER—INSUFFICIENT COMPLAINT—NECESSARY IMPUTATION.

Where a complaint for slander alleged a remark by defendant that he thought plaintiff kept something else besides a boarding house, and that plaintiff came down and coaxed his bartender to stay with her all night, but alleged no meaning of such remarks, no cause of action was stated, since such words did not necessarily impute unchastity to plaintiff, and such complaint did not put defendant on his defense as to their meaning.

Action by Margaret Taylor against William H. Wallace. Motion for new trial denied.

Action for slander, the alleged words being as follows: " 'Who is that woman that was here with your wife?' Mr. Worth made answer, 'She keeps a little boarding house down in South Brooklyn.' Defendant replied, 'I think she keeps something else besides a boarding house. She (meaning plaintiff) came down here and coaxed my bartender to stay with her all night.' " No meaning of the words was alleged in the complaint. The complaint was dismissed for not stating a cause of action.

George J. O'Keefe, for plaintiff.
Michael Furst, for defendant.

GAYNOR, J. It was claimed at the trial that the words impute unchastity to the plaintiff. They do not necessarily do so. A woman may ask a man to stay at her house overnight for more reasons than one. It is a familiar rule of pleading in actions for damages for libel or slander that where the words are not necessarily slanderous, i. e.

are capable of a meaning not slanderous, the slanderous meaning which is claimed must be alleged in the complaint in order to state a cause of action. Otherwise the defendant is not put on his defense as to such meaning, and enabled to plead facts in justification or mitigation. It is not for him to attribute a slanderous meaning to his words in order to plead thereto. Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342; Smid v. Bernard, 31 Misc. Rep. 35, 63 N. Y. Supp. 278.

Motion for a new trial denied.