### RUSSELL v. BARRON.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

1. LIBEL AND SLANDER—ACTIONABLE WORDS.

A publication that plaintiff in employing men for his employer charged them a commission or fee on their wages imputes no criminal offense, and the words are not defamatory in that sense.

2. SAME—PLEADING—COMPLAINT—INNUENDOES.

Where a publication was that plaintiff in employing men for his employer charged them a commission or fee on their wages, in a complaint for slander based thereon was insufficient, which did not allege that the meaning of the words was to impute to plaintiff dishonesty to his employer touching him in his position of employment.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 205, 206.]

3. SAME—AMENDMENT—CURE OF DEFECT.

The defect in the complaint was one that could be cured by amendment.

4. APPEAL—RESERVATION IN LOWER COURT OF GROUNDS OF REVIEW—PLEADING.

Where the question of the sufficiency of the complaint is not raised in the trial court, and the defect is one that can be cured by amendment, it is not available on appeal.

Appeal from Dutchess County Court.

Action by William C. Russell against Stephen Barron. From an order setting aside a verdict in favor of defendant and granting a new trial, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Joseph Morschauser (Charles Morschauser, on the brief), for appellant.

Frank G. Rikert (Elijah T. Russell, on the brief), for respondent.

GAYNOR, J. The action is for damages for slander. The complaint does not state a cause of action. The words alleged are that the plaintiff in employing men for his employer charged them a commission or fee on their wages. To do this is not a criminal offense, and therefore the words are not defamatory in that sense. It is said, however, that they impute to him dishonesty to his employer, and therefore touch him in his position of employment, which is a separate head of slander. But the complaint does not allege such a meaning, and where the words are equivocal; i. e., capable of an honest or a dishonest; i. e., a slander-

ous or an innocent, meaning, dependent on extrinsic facts, the complaint must allege the latter meaning in order to state a cause of action. Taylor v. Wallace, 31 Misc. Rep. 393, 64 N. Y. Supp. 271. Such an allegation makes the meaning a question of fact for the jury. It is common for employés to take commissions or tips from those dealing with their employers through them, with the knowledge and consent of such employers. Or the reduction in the present case may have been for the employer. The complaint here presents no question of fact for the jury as to the meaning of the words, and therefore the innocent meaning must be taken as matter of law.

But as this point was not raised below, it is not available here to reverse the order granting a new trial; and it can be cured by an amendment.

The order is affirmed.

Order of the County Court of Dutchess county affirmed, with costs. All concur.