(118 App. Div. 256)

### MORSE v. STAR COMPANY.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

LIBEL—CHARGING DRUNKENNESS.

An article stating that plaintiff staggered into a police station, clinging to the desk for support, gasping that he had been poisoned, and then falling to the floor with a crash; that the stomach pump applied by a doctor disclosed evidences of alcohol; that the doctor would not take him to the hospital, and after a rest he left, and that his wife when seen scoffed at the idea that he had been poisoned, and said that for three weeks he had been celebrating the patenting of an invention—is actionable per se, not only because imputing to him drunkenness, which tends to degrade and render odious, but also because charging him with being drunk in a public place, which is a crime.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 11, 17–19.]

Appeal from Special Term, New York County.

Action by Samuel F. B. Morse against the Star Company. From a final judgment dismissing the complaint, plaintiff appeals. Reversed, and demurrer overruled.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

M. T. Corcoran, for appellant.
Clarence J. Shearn, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for an alleged libelous publication, which is set out in the complaint. The innuendo charges that the article intended to accuse the plaintiff of drunkenness in the public street and in a public police station, and by reason of said drunkenness the plaintiff was rendered a physical and mental wreck, thereby destroying his reputation for sobriety and mental ability, to his damage in an amount named. Defendant demurred to the complaint upon the ground that the facts stated did not constitute a cause of action. The demurrer was sustained, the complaint dismissed, and plaintiff appeals.

The demurrer, of course, admits the truth of the allegations alleged, and also admits every inference that can be fairly and legitimately drawn from the words used in such allegations. The general rule of construction is that words are to be taken in the sense which is most obvious and natural, and according to the idea that they are calculated to convey to those to whom they are addressed. 18 Am. & Eng. Enc. of Law (2d Ed.) p. 974. Applying this rule to the words used in the

complaint, I do not see how any meaning can be ascribed to them other than that the plaintiff was charged with being drunk on the occasion referred to.   The words are:

"A man who gave his name as Samuel F. B. Morse, * * * and whose office is at present at No. 49 Exchange Place, staggered into the Church street police station last night, and, clinging for support to the desk at which sat Sergeant McAuley, gasped: 'I've been poisoned with strychnine. Send for a doctor quick. My name is Samuel F. B. Morse'—saying which the man fell to the floor with a crash. The sergeant sent a hurry call to the Hudson Street Hospital, which brought Dr. Vance and an ambulance within a few minutes. The surgeon thought he saw symptoms of strychnine poisoning, and applied a stomach pump. The use of the instrument disclosed evidences of alcohol. * * * Dr. Vance would not take the patient to the hospital. After a rest the man left the station house. * * * Mrs. Morse * * * was seen last night at the address given by the supposed victim of poisoning. She * * * scoffed at the idea that he had taken poison, but said, with much feeling: 'I am not surprised that he said so. For the past three weeks he has been celebrating * * * the patenting of a notable invention.'"

The learned justice sitting at Special Term thought the article was not libelous because it simply charged the plaintiff with celebrating, and that such charge does not imply that the person is drunk, or has been indulging to excess in intoxicating liquors, and the definition of the word "celebrating," as given in Webster's Dictionary, is set forth to sustain this view.

The article as published does not charge the plaintiff with "celebrating," but does charge him with "staggering" into the police station, clinging to the sergeant's desk for support, and then falling to the floor with a crash. It is true it also contains what purports to be a statement by Mrs. Morse to the effect that the plaintiff had been "celebrating"; but this is not the charge made against the plaintiff. Her statement, however, when taken in connection with the charge made, would naturally convey the idea that the plaintiff, at the time, was drunk, and for some time had been indulging to excess in intoxicating liquors.   In my opinion the publication complained of is actionable per se, because it not only imputes to the plaintiff drunkenness, which tends to degrade and render him odious (Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409, 49 Am. St. Rep. 646; 18 Am. & Eng. Enc. of Law [2d Ed.] p. 867; Morgan v. Kennedy, 62 Minn. 348, 64 N. W. 912, 30 L. R. A. 521, 54 Am. St. Rep. 647), but it also charges him with being drunk in a public place, which is made a crime, punishable by fine or imprisonment.   Section 35, c. 401, p. 836, Laws 1892.

The judgment appealed from, therefore, must be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to withdraw its demurrer and answer on payment of the costs in this court and in the court below.   All concur.