(121 App. Div. 258)

IRVING v. IRVING.

(Supreme Court. Appellate Division, Second Department.  July 23, 1907.)

LIBEL—ACTIONABLE WORDS—COMPLAINT.

    A complaint alleging that defendant wrote of plaintiff that there is a fellow who used to be a "friend" of the woman (plaintiff), friend being in quotation marks and the complaint alleging that the word was used with a defamatory meaning, states a cause of action.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 194.]

Appeal from Special Term, Westchester County.

Action by Edith M. Irving against John Irving. From an interlocutory judgment, entered on a decision of the court sustaining a demurrer to the second cause of action after a trial of the issue of law, plaintiff appeals. Reversed, and demurrer overruled.

The demurrer was that the said cause of action did not state facts sufficient.

It is set out on the second cause of action that Dr. Shubert attended the plaintiff, whose husband is a son of the defendant, and rendered a bill to the defendant, who refused to pay it, and wrote to the doctor of the bill and plaintiff as follows:

"In regard to your bill for this woman, which you ask me to forward to the proper person, I'm afraid I can't help you much. There is a fellow who used to be a 'friend' of the woman about three years ago, and perhaps I can find out something from him." Other material facts are stated in the opinion.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Edmond S. Hopkins, for appellant.
Benjamin N. Cardozo, for respondent.

GAYNOR, J.  It is a familiar everyday rule of pleading in actions for slander or libel, that if the words complained of are equivocal, i. e., capable of an innocent meaning and a libellous meaning, the former has to be adopted by the court at the trial, and the case has to be dismissed; unless the complaint has a special allegation that the libellous meaning was the one meant and conveyed by the defendant, in which case the question of the meaning is one of fact and not of law.  Under such a special allegation the plaintiff may introduce any evidence to show that the defamatory sense was meant and understood.  That is this case, for a defamatory meaning is alleged in the complaint.  Except for that allegation, the word friend would have to be taken in its innocent sense.  As it is, however, the plaintiff may prove, for instance, that the defendant had previously told Dr. Shubert that the plaintiff had had a paramour friend, or had been addicted to such friends; and that would be evidence on which the jury could find that the "friend" mentioned, and put in suspicious quotation marks in his letter, and made more suspicious by its society with the word "fellow," was meant for the same, or the same kind of a friend, and that that was the meaning conveyed.  Words which could not bear a defamatory meaning to people generally, may bear such a meaning to one tutored in that use of them.  Odgers, p. 113.  All this scarcely calls for the citation of authority.  Taylor v. Wallace, 31 Misc. Rep. 393, 64 N. Y. Supp. 271.

It may not be amiss to note that as this is an action of libel the words may be actionable without imputing unchastity, as would have to be the sense of them to make them actionable if only spoken.

The judgment should be reversed.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to plead over on payment. All concur.

HOOKER, J. If the words had been, "There is a fellow who used to be a paramour (or a lover) of the woman," it would have been libelous; but an accepted secondary meaning of "friend" is "lover of either sex," and one province of quotation marks is to invite attention to other than the usual meaning of words. It is the province of the jury to determine the sense in which words have been used by the defendant, where they are capable of a construction which would make them actionable. Patch v. Tribune Association, 38 Hun, 368. What the defendant meant by the use of the word "friend" in quotation marks is for the jury, and the demurrer should be overruled.