LYNOTT v. PEARSON.

(Supreme Court, Appellate Division, First Department.  May 13, 1910.)

LIBEL AND SLANDER (§ 81*)—ACTION—PLEADING—SUFFICIENCY.

A complaint alleging that defendant stated to the employer of plaintiff, a woman in domestic service, that plaintiff was "both drunk and crazy, out late at night, and a very untidy person," sufficiently shows as against a general demurrer that the defendant spoke the words concerning plaintiff in her business or calling as a domestic.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 187–197, 209, 210; Dec. Dig. § 81.*]

Laughlin and Miller, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Anne Lynott against Dane A. Pearson. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave to withdraw demurrer and to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Oliver C. Reynolds, for appellant.
Bartley J. Wright, for respondent.

INGRAHAM, P. J.  We all agree that the crucial question in this case is whether the complaint sufficiently alleges that the defendant spoke the words complained of concerning the plaintiff in her business or calling as a domestic.

Considering the rule now well settled, that on demurrer the complaint must be deemed to allege all that can by fair intendment be

gathered from the language used, it seems to me that the complaint does charge that the defendant spoke these words to the employer of the plaintiff in her business or calling as a domestic. When a person goes to the employer of a woman who is in domestic service, and says to that employer that the employé "is both drunk and crazy, out late at night, and a very untidy person," the charge relates directly to the calling of the person so spoken of, and necessarily refers to her in the employment in which she was at that time engaged.

I think, therefore, that the complaint sufficiently alleges that the words were spoken of the plaintiff in her employment or calling, and the judgment should be affirmed with costs, with leave to the defendant to withdraw his demurrer and to answer within 20 days, upon payment of costs in this court and in the court below.

McLAUGHLIN and DOWLING, JJ., concur.

LAUGHLIN, J. (dissenting). This is an action for slander. The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The plaintiff alleges that for a number of years she has been employed in various places in the city of New York "as a domestic," and had become well known and acquired a reputation "in said business for probity and fair dealing and uprightness of character"; that she is unmarried, chaste, and has always borne a good reputation; that on "the 12th day of October, 1908, in the borough of Manhattan, city and state of New York, the defendant, Dane A. Pearson, while in communication with the employer of the plaintiff, Walter C. Taylor, and in the presence and hearing of divers persons, spoke certain false and malicious words, attacking and defaming the character and reputation of the plaintiff, as follows: 'She' (meaning the plaintiff) 'is both drunk and crazy, out late at night, and a very untidy person.'" Plaintiff further alleges that by these malicious utterances she "has been injured and prejudiced in her good name and in her business prospects and connections to her damage in the sum of ten thousand dollars ($10,000)." It is not alleged that the defendant was acquainted with the plaintiff, or that he knew that she was a domestic, or that he was aware of the fact that she was employed by Taylor, to whom he uttered the alleged slanderous words; nor is it alleged that the words were spoken of or concerning her in her business or calling as a domestic.

These words, if published, would be libelous per se, for they would tend to disgrace the plaintiff and hold her up to ridicule and contempt (Morse v. Star Co., 118 App. Div. 256, 103 N. Y. Supp. 496; Perkins v. Mitchell, 31 Barb. 461), but, no special damages being alleged, they would not be slanderous per se unless spoken of the plaintiff in her business or calling as a domestic, for they neither charge her with unchastity, nor with a crime, nor with being infected with a contagious disease (Moore v. Francis et al., 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Pollard v. Lyon, 91 U. S. 225, 226, 23 L. Ed. 308; Brown v. Moore, 90 Hun, 169, 35 N. Y. Supp. 736; Baxter v. Mohr, 37 Misc. Rep. 833, 76 N. Y. Supp. 982; 1 Cooley on Torts [3d Ed.] pp. 376, 377; Code Civ. Proc. § 1906). A marked distinction is

still preserved between words which are slanderous per se without an averment of special damages. Until the enactment of chapter 219 of the Laws of 1871 (now section 1906 of the Code of Civil Procedure), it was not slanderous per se to charge an unmarried female with self-pollution, because that was not an indictable offense (Anonymous, 60 N. Y. 262, 19 Am. Rep. 174), but such a charge, if published, would have been libelous. Even a charge of dishonesty, unless alleged to have been spoken concerning an office, business, profession, or calling, which the plaintiff then held or followed, is not slanderous per se. Cassavoy v. Pattison, 93 App. Div. 370, 87 N. Y. Supp. 658.

The real question in the case is whether the complaint sufficiently charges that the words were spoken of the plaintiff in her business or calling as a domestic. The rule in actions for slander of one in his office or business strictly requires that, unless the words uttered themselves clearly show that they referred to the plaintiff in his office, business, profession, or calling, it is incumbent upon him to allege by way of inducement the occasion and circumstances under which the words were uttered, and then to charge in the nature of a colloquium that they were uttered of or concerning her in her business or calling, and, if the words are susceptible of the meaning which would make them slanderous per se, it will then become a question for the jury to determine whether they were said of or concerning the plaintiff in his office, business, profession, or calling as alleged. Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L. R. A. 440; Oakley v. Farrington, 1 Johns. Cas. 130, 1 Am. Dec. 107; Van Tassel v. Capron, 1 Denio, 250, 43 Am. Dec. 667; Taylor v. Wallace, 31 Misc. Rep. 393, 64 N. Y. Supp. 271; Kinney v. Nash, 3 N. Y. 177; Russell v. Barron, 111 App. Div. 383, 97 N. Y. Supp. 1061; Brown v. Moore, supra; Hume v. Kusche, 42 Misc. Rep. 414, 87 N. Y. Supp. 109; Odgers on Libel and Slander (Bigelow's Ed.) p. 64; Purdy v. Rochester Printing Co., 96 N. Y. 372, 48 Am. Rep. 632; Gideon v. Dwyer, 87 Hun, 246, 33 N. Y. Supp. 754. This rule is inflexible and is uniformly applied. It is not even sufficient that the words tend to injure a party in his office, profession, calling or business, or that they necessarily injure him therein. Kinney v. Nash, supra. In Oakley v. Farrington, supra, the plaintiff was a justice of the peace, and the defendant had called him a "damned rogue." It was held that this was not slanderous per se, as the words did not relate to him in his office. To the same effect is Van Tassel v. Capron, supra, where it was held that charging the plaintiff who was a magistrate with having combined with others to cheat strangers, not having been spoken of him as a magistrate, were not slanderous per se. In Kinney v. Nash, supra, it was held that words imputing misconduct to the plaintiff as agent of the executive in arresting a fugitive from justice were not actionable as touching him in his office of constable which he held. In Purdy v. Rochester Printing Co., supra, it was held that a publication concerning the plaintiff's official acts as coroner were not libelous as constituting a charge against him in his profession as a physician, although without doubt it would affect him in his profession.

It is manifest, therefore, that the plaintiff must by an appropriate allegation tender the issue that the words were spoken of her in her

business or calling.   Of course, the well-settled rule is that on demurrer a complaint is deemed to allege, in addition to its express allegations, any fact deducible or inferable therefrom by reasonable and fair intendment.   The defendant cannot be expected to plead to a charge that he spoke the words of and concerning the plaintiff in her business or calling, unless it is so alleged, for his defense in the one case might be quite different from in the other.   He might, if this were alleged, admit it, and plead that the communication was privileged, or facts in mitigation.   Unless, therefore, such fact is necessarily charged by the allegations of the complaint, the complaint is demurrable.   In my opinion, it is not charged that the words were uttered of and concerning the plaintiff in her business or calling as a domestic, because, for aught that appears, the defendant may not have been acquainted with her, may not have known her business or calling or that he was speaking to her employer, and he may have made the remark casually, passing upon her appearance or conduct upon the street, or in some public place.

I am of opinion, therefore, that the demurrer should have been sustained.

MILLER, J., concurs.