(83 Misc. Rep. 621)

### ARONIVICI v. SALANT.

(Supreme Court, Special Term, New York County. January, 1914.)

1. LIBEL AND SLANDER (§ 80*)—COMPLAINT—SUFFICIENCY AGAINST DEMURRER.
   Allegations of a complaint that defendant made certain false and malicious statements of and concerning plaintiff, a widely known professional social worker and a writer and lecturer on sociological subjects, to a reporter, which statements with innuendoes were that, while plaintiff was holding himself out as an opponent of the contract system of prison labor and making a part of his income in that way, he was planning to make a profit for himself through such system, were not demurrable.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 184–186; Dec. Dig. § 80.*]

2. LIBEL AND SLANDER (§ 9*)—ACTIONABLE WORDS.
   Words spoken about a person in relation to his business, calculated to injure him in that business, are actionable per se.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. § 9.*]

3. LIBEL AND SLANDER (§ 25*)—RIGHT OF ACTION—FURNISHING LIBELOUS INFORMATION.
   A civil action for damages will not lie for furnishing libelous information in violation of Penal Law (Consol. Laws, c. 40) § 1352.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 107, 108; Dec. Dig. § 25.*]

4. LIBEL AND SLANDER (§ 147*)—CRIMINAL OFFENSE—FURNISHING LIBELOUS INFORMATION.
   Penal Law (Consol. Laws, c. 40) § 1352, making it a criminal offense to furnish libelous information, refers only to libels intended to be published in the state of New York.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 414; Dec. Dig. § 147.*]

Action by Carol Aronivici against Aaron B. Salant for libel and slander and violation of Penal Law, § 1352. Demurrer to the three causes of action set forth in the complaint. Overruled as to the first two causes, and sustained as to the third.

Oscar R. Houston, of New York City, for plaintiff.
Aronson & Salant, of New York City, for defendant.

COHALAN, J. [1] The defendant has demurred to each of the three causes of action set forth in the complaint, and the plaintiff asks for judgment on the pleadings. The first cause of action is for an alleged slander, the second for an alleged libel, and the third for an alleged violation of section 1352 of the Penal Law. The plaintiff asserts that he is a widely known professional social worker, a writer and lecturer upon sociological and humanitarian subjects, that he is an opponent of the contract system of prison labor, and that his income is entirely derived from these pursuits. The complaint alleges that on or about the 7th day of June, 1913, the defendant made certain false and malicious statements of and concerning the plaintiff to one Keyes, a newspaper reporter. These alleged statements, with innuendoes, are as follows: That while the plaintiff was publicly and openly holding

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

himself out as an active opponent of the contract system of prison labor and was making a part of his income in this way, he was in reality planning to make a profit for himself by the identical system which he was pretending to oppose. In a word, what while he was ostensibly bending his efforts to defeat the system he was so employed not from any sincere and humanitarian motives, but merely to gratify his personal spite. Plaintiff's contention is: (1) That these statements constituted slander because they were calculated to injure him in his business; (2) that they were made to the said Keyes by the defendant with the desire and intent that he should reduce them to writing, read them himself and present them for publication to the Providence Journal; that they were actually put into writing, read by the editor of that paper and by other persons; and (3) that by making these statements the defendant committed a misdemeanor under the provisions of section 1352 of the Penal Law.

[2] It is well settled in this state and is a generally recognized principle of the law of slander that words spoken about a person in relation to his business calculated to injure him in that business are actionable per se. Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Lynott v. Pearson, 138 App. Div. 306, 122 N. Y. Supp. 986. A reading of the complaint shows that the defendant charged the plaintiff with certain conduct which if true, and if the facts were to become generally known, would be sufficient to injure the plaintiff in his business or calling. It must be assumed from the averments of the complaint that the work in which the plaintiff was engaged constituted a calling. It is stated that the plaintiff has been earning his living as a social worker, writer, and lecturer on various social questions, and his particular concern was the question of the contract system of prison labor. If the alleged slanderous words were used, it is unquestionable that harm would come to the plaintiff in his calling, for his usefulness in such pursuits depends upon his reputation for honesty and sincerity in espousing the causes which he publicly advocates. I am satisfied that it is sufficiently alleged in the complaint that the slanderous statements were published of and concerning the plaintiff and the demurrers as to the first two causes of action should be overruled.

[3] In the third cause of action it is stated that the defendant made the statements willfully; that such statements, if published in the Providence Journal, would have constituted libel; and that the action of the defendant was a misdemeanor. There is no provision in the Penal Law giving a civil cause of action for damages against any one who is guilty of the violation of section 1352 of the Penal Law.

[4] Moreover, the penal statute applies to the state of New York only, and must of necessity refer to libels intended to be published in the state of New York and not in the state of Rhode Island. The demurrer is sustained as to the third cause of action. Leave is granted to the defendant to answer within 20 days after the entry of the order. No costs.

Ordered accordingly.