FRANCES GORDON, Plaintiff, *v.* PHILIP HYMAN and Another, Doing Business as WINDSOR COSTUME COMPANY, Defendants.

Supreme Court, New York County, February 15, 1927.

**Libel and slander — slander per se to say woman is thief — not necessary to plead special damages or set up innuendo where language imputes crime — words " in substance " are surplusage — fact that complaint charges one partner with libelous statements does not relieve partnership from liability — complaint sufficient.**

The complaint in this action for slander charges that one member of the defendant partnership, acting for and in the course of the partnership business, maliciously spoke of the plaintiff and made reference to her as a thief. The language set forth is slanderous *per se* and is actionable, and it is unnecessary to plead an innuendo or special damages.

While the complaint in an action for slander must allege the words spoken and not the tenor, effect or purport, where the spoken words are pleaded in quotation marks the additional allegation that these words were " in substance " as thereinafter set forth is surplusage.

The fact that the complaint charges one partner with the slanderous statement does not relieve the partnership from liability, since, when slanderous words are spoken by one partner in the prosecution of the firm's business, the several partners are liable therefor.

MOTION by defendant to dismiss complaint in an action for slander.

*Hyman Gottlieb*, for the plaintiff.

*Maurice Hyman*, for the defendants.

GIBBS, J. The complaint in an action for slander sets forth three causes of action. Defendants' answer moves to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute any of the causes of action sought to be alleged. It will, therefore, be necessary to consider separately each cause of action.

The complaint for a first cause of action alleges that the defendants were engaged in the dress manufacturing business as copartners; that on the 20th day of June, 1921, at the defendants' place of business and " in the presence and hearing of divers persons the defendant Philip Hyman acting for and in the course of said partnership business, maliciously spoke of, concerning, and to the plaintiff, the false and defamatory words as follows: ' Dresses — robes are missing, those imported model dresses — robes have been taken from the sample room; you know where they are — you have taken them; I have every evidence that you took those dresses, one of the girls saw the dresses in your valise. Return those dresses to me or tell me where they are and I will give you $250 and nothing will be said about it. I have had a detective watching you during the past week, he is downstairs now, watching. If you do not return those dresses or tell me where they are I will have him come up here and arrest you.' "

The complaint further alleges that as a result of the aforesaid utterances plaintiff suffered in her good name and reputation and has been otherwise damaged. The defendants urge that the words spoken by defendant Hyman are not actionable inasmuch as no innuendo or special damages are pleaded. In support of this contention they submit several authorities. (*Irving* v. *Irving*, 121 App. Div. 258; *Demos* v. *New York Evening Journal Pub. Co.*, 210 N. Y. 13; *Rovira* v. *Boget*, 240 id. 314; *Hemmens* v. *Nelson*, 138 id. 517.) The court in each of these cases held that the words alleged to have been used were ambiguous and susceptible of more than one meaning, and under the circumstances it was necessary to plead an innuendo. In the case at bar the situation is quite different. The language alleged to have been used by the defendant cannot be interpreted in any other sense than accusatory of the crime of grand larceny. It is unnecessary for plaintiff to allege that defendant charged her with the commission of a specific crime. The leading authorities are agreed that if from the language used the crime is imputed the complaint is sufficient.

" If a person is called a thief, or is accused of theft * * * there is little question, as a rule, but that a charge of larceny has been made. * * * To accuse another of having stolen property which is a subject of larceny clearly imputes a charge of crime, as a rule, and hence is actionable *per se*. To charge one with having ' taken ' a thing, when the charge is made under circumstances which show an intent to charge larceny, is also actionable." (17 R. C. L. [Lib. & Sland.] § 12.)

To the same effect: "A publication imputing that a person is guilty of the crime of larceny is libelous *per se*. Any language which

in its ordinary and usual signification and as understood by men of ordinary intelligence, knowing all the circumstances imputes the offense, will support an action for libel. To call one a thief or to charge him 'with ' stealing ' is actionable *per se*, as charging the crime of larceny unless the words are so qualified as to show that they were used in a sense not importing that offense. Moreover it is unnecessary that the technical offense of larceny should be charged to render the publication libelous; it is sufficient if the tendency of the charge is to bring plaintiff into public hatred, ridicule, or scorn." (25 Cyc. 283.)

Since the language set forth in this cause of action is actionable it is unnecessary to plead an innuendo or special damage.

The second cause of action sets forth that defendants are copartners engaged in the dress business and that " after the 20th of June, 1921, and before the 5th of July, 1921, the exact date being unknown to plaintiff, while acting for and in the course of said copartnership business for and in behalf of himself and said Jack Goldstein, the said Philip Hyman spoke of and concerning the plaintiff in words or substance as follows: ' You know Miss Gordon ' (referring to the plaintiff herein); ' she is a thief, she stole dresses from our place of business.' "

The allegations thereafter set forth in this cause of action are similar to those in the first cause. Defendants contend that the complaint fails because it alleges the language used " in words or substance." While it is settled law that the complaint must allege the words spoken and not the tenor, effect or purport, where the spoken words are pleaded the additional allegation that these words were " in substance " as thereinafter set forth is surplusage. It will be noted that the language alleged to have been used is pleaded in quotation marks. It has been held that the use of quotation marks is sufficient to identify the words included between them as being the defamation complained of. (*Hemphill* v. *Holley*, 4 Minn. 233.) This language is slanderous *per se*, and as indicated with reference to the first cause of action it is unnecessary to plead an innuendo or special damages.

The third cause of action reiterates the partnership of the defendants and alleges that " on or about the 5th day of July, 1921, at No. 144 West 19th Street in the Borough of Manhattan, City of New York, the said defendant Philip Hyman acting in behalf of said copartnership, in the presence of one Mary Miller and divers other persons maliciously charged and spoke of and concerning the plaintiff herein the false and defamatory words in substance as follows: ' You know your tenant Miss Gordon (referring to the

23

plaintiff herein); she lives in your house.   She is a thief.   She was employed in our business and stole three or four dresses — very valuable dresses.' ''

The complaint further alleges that the said defendant Hyman, acting in behalf of himself and codefendant, prevailed upon said Mary Miller to permit Hyman and others, acting in behalf of the defendants herein, to enter plaintiff's apartment and search for the alleged stolen dresses; that Hyman made the further accusation: '' I am sure she has those dresses.   I am sure she stole those dresses and hid them in her apartment.   Let me look through her apartment and I will find them.''

It is self evident that the reasoning applicable to the first and second causes of action apply with equal cogency to the language employed in this third cause of action.   It is unnecessary to plead special damages, nor is it essential that general damages be pleaded separately in each cause of action.   If the words are actionable *per se* the law presumes damages.   A general allegation that plaintiff has suffered damage is sufficient.   (25 Cyc. 453; *Slayton* v. *Hemken,* 91 Hun, 582; *Smid* v. *Bernard,* 31 Misc. 35.)

Defendants further urge that no cause of action is set forth as gaainst the defendant Goldstein, because the slanderous words are alleged to have been spoken by defendant Hyman.   It has been a debatable question for a long time whether slanderous utterances by one partner create a liability in the other.   The general rule is that when slanderous words are spoken by one partner in the prosecution of the firm's business the several partners are liable. (*Wheless* v. *Davis & Son,* [Tex. Civ. App.] 122 S. W. 929; *Haney Manufacturing Co.* v. *Perkins,* 78 Mich. 1; 43 N. W. 1073; *Page* v. *Citizens Banking Co.,* 111 Ga. 73; 51 L. R. A. 463.   See, also, 21 Am. & Eng. Ann. Cases, 484, note.)

I am of the opinion that liability of copartners must be determined in the light of the facts of each individual case.   In the case at bar the defendant Hyman is alleged to have uttered the words '' acting for and in the course of said partnership business.''   There are also several other allegations from which it may be inferred that the slanderous words were uttered in the prosecution of said business. It may develop on the trial that the evidence does not warrant sustaining the complaint as against the copartner, but I am convinced for the purposes of this motion it does state a cause of action against him.

Motion for summary judgment denied.   Settle order.