WILLIAM H. CORUM, Appellant, v. STANDARD MAGAZINES, INC., and Others, Respondents.

First Department, June 19, 1942.

*John W. Simpson, 2nd [Verne R. Foley and John W. Simpson, 2nd, attorneys], for the appellant.*

*Stuart N. Updike* of counsel [*Weymouth D. Symmes* and *James E. Denning* with him on the brief; *Townley, Updike & Carter,* attorneys], for the respondents.

PER CURIAM. It is a fair inference from the language of the article (*Larsen* v. *Brooklyn Daily Eagle,* 165 App. Div. 4; affd., 214 N. Y. 713; *Morrison* v. *Smith,* 177 id. 366) that the plaintiff was guilty of the murder of his wife. Since the complaint alleges that the article was in all respects false, the defendants' motion for judgment on the pleadings should have been denied.

We think the plaintiff's motion to strike out the separate and complete defense should have been granted. The alleged libel consists of statements of fact concerning the death of the plaintiff's wife, coupled with the plain inference that the plaintiff was the perpetrator of the crime. The article does not refer either to the conviction, the reversal on appeal or the ultimate acquittal of the plaintiff, but refers exclusively to the circumstances surrounding the death of the plaintiff's wife, the scientific investigations which followed and deductions by the defendants to be drawn from the facts. If we regard the article as constituting the report of a judicial proceeding, then it cannot be characterized as a fair report of the facts, for it fails to refer to the plaintiff's ultimate acquittal which is alleged in the complaint and admitted in the answer. If, on the contrary, we regard the article as a discussion of the plaintiff's guilt or innocence of the crime of murder, then it is not protected by the privilege which attends fair comment upon judicial proceedings. We are of opinion, however, that the first and second partial defenses are sufficient in mitigation of damages.

The order granting the defendants' motion for judgment on the pleadings should be reversed, with ten dollars costs and disbursements to the appellant and the motion denied.

The order denying the plaintiff's motion to strike out the first complete defense and the first and second partial defenses should be modified by striking out the first complete defense to the extent that the facts therein alleged are pleaded as a complete defense, and as so modified affirmed, without costs.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Order granting defendants' motion for judgment on the pleadings unanimously reversed, with ten dollars costs and disbursements to the appellant and the motion denied. Order denying plaintiff's motion to strike out the first complete defense and the first and second partial defenses unanimously modified by striking out the first complete defense to the extent that the facts therein alleged are pleaded as a complete defense, and as so modified affirmed, without costs.