■ TWENTY-FIVE EAST 40TH STREET RESTAURANT CORPORATION, Respondent, v. FORBES, INC., Appellant.— Order, Supreme Court, New York County, entered March 15, 1971, denying motion for summary judgment dismissing the complaint, reversed, on the law, and the motion granted. Defendant-appellant shall recover of plaintiff-respondent $50 costs and disbursements of this appeal. The review of the restaurant was of interest to the public who might patronize it and was privileged under the First Amendment. The review published by the defendant was a critique of the restaurant and the undisputed facts failed to show malice. The motivation of the review was for the protection of the public in the disclosure of a highly important matter affecting the public interest. (*Garfinkel* v. *Twenty-First Century Pub. Co.*, 30 A D 2d 787, app. dsmd. 22 N Y 2d 970.) In the *Garfinkel* case this court held that basketball scouting was a matter of public interest and plaintiff had failed to plead or show the actual malice required for liability under the doctrine of *New York Times Co.* v. *Sullivan* (376 U. S. 254). Concur — Murphy, McNally and Tilzer, JJ.; McGivern, J. P., and Markewich, J., concur in the result in the following memorandum by McGivern, J. P.: Although I concur in the result, I have reservations as to the legal exactitude of the language found in the majority opinion. I agree that there was no demonstration of the faintest penumbra of malice attributable to the defendants, and therefore the complaint is dismissible on a motion for summary judgment. However, my concurrence in the result is predicated upon the fact that, the review, although critical of the food served by plaintiff restaurant, fairly read, did not accuse plaintiff of any fraud and deceit. Thus, it falls within the well-established rule that criticism of a product is not libelous per se unless the manufacturer of such product is accused of fraud and deceit. Viewed in the realities of legitimately differing gustatorial appreciations, I find it difficult to construe the review as an attack upon the integrity of plaintiff. (See *Larsen* v. *Brooklyn Daily Eagle*, 165 App. Div. 4, affd. 214 N. Y. 713; *Harwood Pharmacal Co.* v. *National Broadcasting Co.*, 9 N Y 2d 460, 463.) Nor do I believe it holds plaintiff up to such ridicule, contempt or disgrace, as would require a plenary trial to determine whether plaintiff was the victim of a libel per se. In any event, a reversal and summary judgment dismissing the complaint, on this record, would be compelled under constraint of the ruling of the United States Supreme Court made on June 7, 1971, in the case of *Rosenbloom* v. *Metromedia* (403 U. S. 29).