[No. 5832.]

THE PEOPLE v. KOENIG, ADMINISTRATRIX, ET AL.

1. **Taxes and Taxation—Inheritance Tax—Statutory Construc-tion.**

A succession or inheritance tax, excise, or duty, is a special, not a general, tax; and whatever may be the rule of construction as to the ordinary recurring annual tax laid directly upon property and based upon a precedent valuation, it is the general doctrine that a succession tax is construed strictly against the government and in favor of the tax payer.—P. 285.

2. **Taxes and Taxation—Inheritance Tax—Statutory Construc-tion—Synonymous Words.**

Section 3113 of 3 Mills' (Rev.) Stats. provides that all "property" which shall pass by will or by the intestate laws of this state to any person or persons shall be subject to a tax, and that when the beneficial interests to any "property" or income therefrom shall pass to or for the use of any father, mother, husband, etc., the rate shall be two dollars on every hundred dollars of the clear market value of "such property received by each person," provided, that the sum of ten thousand dollars of "any such estate" shall not be subject to taxes. Held, that "property" and "estate" are used synonymously in this section; and that, as the tax is laid upon the receipt of "such property by each person," the exemption applies to the separate distributive shares and legacies, and not to the aggregate value of the property of the decedent.—P. 286.

*Error to the County Court of Weld County.*
*Hon. Chas. E. Southard, Judge.*

.Action by the people against Emma Koenig as administratrix of the estate of Rudolph Koenig, deceased, and Clara E. Koenig, Frank R. Koenig, Edward F. Koenig, Harry A. Koenig, Charles R. Koenig, Herman W. Koenig, Ralph W. Koenig, and Emma Koenig, heirs of said decedent. From a judgment in favor of defendants, the people bring error.

Decision *en banc.*                    *Affirmed.*

Mr. N. C. Miller, attorney general, and Mr. W. R. Ramsay, assistant attorney general, for the people.

Mr. Charles F. Tew, for defendants in error.

Mr. Jas. W. McCreery, *amicus curiae.*

Mr. Justice Campbell delivered the opinion of the court:

The application of an exemption clause in a section of our inheritance or succession tax law is the only question for determination. Omitting parts not material to the present discussion, the section reads:

"All property  *  *  *  which shall pass by will or by the intestate laws of this state from any person  *  *  *  to any person or persons  *  *  * shall be and is, subject to a tax at the rate hereinafter specified  *  *  *  and all heirs, legatees and devisees, administrators, executors and trustees shall be liable for any and all such taxes until the same shall have been paid as hereinafter directed. When the beneficial interests to any property or income therefrom shall pass to or for the use of any father, mother, husband, etc.,  *  *  *  in every such case the rate of tax shall be two dollars on

every hundred dollars of the clear market value of
such property received by each person   *   *   *
Provided, that the sum of ten thousand dollars of
any such estate shall not be subject to any such duty
or taxes, and that only the amount in excess of ten
thousand dollars shall be subject to the above duty
or tax.''

A succession or inheritance tax, excise, or duty,
is a special, not a general, tax.  Whatever may be
the rule of construction as to the ordinary recurring
annual tax laid directly upon property and based
upon a precedent valuation, it is the general doctrine
that a succession tax is construed strictly against the
government and in favor of the taxpayer.

In *Matter of McPherson,* 104 N. Y. 306, 317, a
succession tax was held to be a special tax.  In
*Matter of Harbeck,* 161 N. Y. 211, Parker, C. J.,
said that in a succession tax where the question is
involved in doubt, the doubt should be resolved in
favor of the taxpayer and against the taxing power.
In *Eidman v. Martinez,* 184 U. S. 578, the court,
speaking by Mr. Justice Brown, said: ''It is an old
and familiar rule of the English courts, applicable
to all forms of taxation, and particularly to special
taxes, that the sovereign is bound to express its in-
tention to tax in clear and unambiguous language,
and that a liberal construction be given to words of
exception confining the operation of duty,   *   *   *
though the rule regarding exemptions from general
laws imposing taxes may be different.''  See, also,
27 Am. & Eng. Enc. of Law (2d ed.) 340, *et seq.*
Let us, then, examine this statute in the light of this
rule, which seems to be recognized by all the author-
ities.

From the foregoing summary of the section, it
is apparent that thereby the tax, or duty, imposed
is upon the receipt of some beneficial interest in

property which passes by will or under the intestate laws of the state. Each heir, devisee or legatee must pay in proportion to the amount which he actually receives. While all heirs, devisees and legatees, etc., are liable for such taxes, certainly each beneficiary can be held only for the tax on what he receives, and not on the whole estate, unless he receives the same. The term "such estate," to which the exemption applies, presupposes that that estate or property has been described or mentioned in some previous part of the section or statute. The word "property," but not "estate," is earlier employed several times in the same section. Naturally, "such estate" in the proviso relates to the next antecedent similar expression. Observing this usual rule of construction, the term "such estate," we think, refers to "such property received by each person," because that is the first preceding similar term found in the same sentence, and in the same grammatical connection. As the tax is laid upon the receipt of "such property by each person," naturally the exemption should, and we hold does, apply to the separate distributive shares and legacies, and not to the aggregate value of the property of the decedent. "Property" and "estate" are often used synonymously, and are so used in this section.

Our statute in the main is copied from the Illinois law, and the language quoted in an exact reproduction of the corresponding section therein. The Illinois statute, however, contains, in addition, the following clause: "And the tax is to be levied in above cases only upon the excess of twenty thousand dollars received by each person." The addition of this clause to our statute would not change its present obvious meaning. Its presence in the Illinois law merely serves to remove all doubt as to whether the exemption clause applies to the whole estate or

to the separate distributive shares. The entire framework of the two sections, as enacted in Illinois and in Colorado, is in harmony with the general intent to make the exemption or limitation apply to the separate estates actually received.

We have been able to find, and our attention has been called to, no statute which, in all respects, is identical in language with ours, but the conclusion which we have reached is abundantly sustained by four cases, which we now proceed to consider, and in only one case, where the statute is materially different, do we find any ruling apparently to the contrary. In *Howell's Estate*, 147 Pa. St. 164, it was held that under the Pennsylvania statute the liability to the tax is to be ascertained not by the amount of the individual legacy, but by the aggregate value of the decedent's estate. The statute, however, reads: "All estates * * * of every kind * * * passing from any person * * * either by will, or under the intestate laws of this state * * * other than to or for the use of father, mother, * * * shall be and they are hereby made subject to a tax of $5 on every hundred dollars of the clear value of such estate or estates." The word "estates" in the limitation clause was held to refer to the estates of decedents, and not to the separate legacies or devises carved out of such estates. There is no language in this act, like that in ours, in which it is specifically said that the rate of tax is upon the market value of the property received by each person. Other provisions in the Pennsylvania statute, as will be seen from an examination of the opinion in the case, fortify the construction there adopted.

A statute more nearly like ours is the collateral inheritance tax act of 1885 of New York, which was before the court of appeals in *Matter of Cager*, 111

N. Y. 343. The statute reads: "After the passage of this act all property which shall pass by will * * * to any person * * * other than the father," or other excepted persons, "shall be subject to a tax of $5 of every hundred dollars of the clear market value of such property, provided that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax." The court held that the act was intended to authorize the imposition of taxes upon devises to collateral relatives and strangers only when the estate devised to them, individually, exceeded in value the sum of five hundred dollars.

Again, in *Matter of Howe*, 112 N. Y. 100, the same statute was before the court, and the court said: "The remaining inquiry is as to its meaning as respects the $500 limitation. We think that applies to the portion of property passing to the legatee or devisee, and not to the whole estate left by the testatrix." The court therein held that the tax was not upon the whole estate, but only upon so much of it as passes to certain persons, and although the executor was compelled to pay it, he was required to deduct it from the particular legacy or legacies, and no beneficiary was liable except on the share he actually received.

Afterwards, by the act of 1892, the legislature of New York, for the purpose, as the courts held, of compelling a different construction of the act from that theretofore adhered to by them, expressly provided that the word "estate" and "property" when used in the succession tax law shall be taken to mean the property or interest therein of the testator, intestate, grantor, etc., and not as the property or interest therein passing or transferred to individual legatees, devisees, etc. In obedience to the legislative mandate, the courts thereafter, and so long as

the statute was in force, have construed the exemption clause of the statute as applicable to the aggregate value of the whole estate.—*Matter of Hoffman,* 143 N. Y. 327; *Matter of Corbett,* 171 N. Y. 516.

In *State v. Hamlin,* 86 Me. 495, under a statute providing that "All property * * * * which shall pass by will or by the intestate laws of this state, * * * other than to or for the use of the father, mother, * * * shall be liable to a tax of two and a half per cent. of its value, above the sum of five hundred dollars." It was held that the exemption of five hundred dollars is not an exemption from the *corpus* of the estate, but a several exemption of that sum from each portion of the estate passing by will or descent to persons outside of the exempted classes.

In *Knowlton v. Moore,* 178 U. S. 41, the elaborate and learned opinion was written by Mr. Justice White. It construed the act of congress of June 13, 1898, relating to inheritance or succession taxes, section 29 of which reads:

"That any person or persons having in charge or trust as administrators, executors or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property as aforesaid shall exceed the sum of $10,-000 in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, * * * to any person or persons * * * shall be, and hereby are, made subject to a duty or tax, to be paid to the United States as follows, that is to say: Where the whole amount of said personal property shall exceed in value $10,000, and shall not exceed in value the sum of $25,000, the tax shall be," etc.

The meaning of the exemption clause of the section was an important question in the case. The learned justice said that the statute must mean one of three things:

"1. The tax which it imposes is on the passing of the whole amount of the personal estate, with a progressive rate depending upon the sum of the whole personal estate; or,

"2. The tax which it levies is placed on the passing of legacies or distributive shares of personal property at a progressive rate, the amount of such rate being determined, not by the separate sum of each legacy or distributive share, but by the volume of the whole personal estate. This is the mode in which the tax was computed by the assessor, and which was sustained by the court below; or,

"3. The tax is on the passing of legacies or distributive shares of personalty, with a progressive rate on each, separately determined by the sum of each of such legacies or distributive shares."

The court rejected both the first and second constructions, and adhered to the third, and therefore held that a separate legacy not exceeding $10,000 was not subject to the tax, and that the limitation applied not to the aggregate amount of the personal property of the estate passing, out of which the distributive shares and legacies arise, but to those separate shares and legacies themselves. The reasoning in the opinion is instructive and helpful in the interpretation of our act. We forbear much quotation, as the argument should be read in its entirety, and is too lengthy for reproduction here. A comparison of the act of congress with the section of our act under consideration will show that the language of the latter manifests a clearer intention to impose the tax and apply the exemption to the separate legacies or distributive shares than does the corresponding lan-

guage of the former. We regard it as entirely safe to follow the precedent established by the supreme court of the United States and apply the exemption clause of our section to the separate distributive shares. The learned justice, in rejecting one of the constructions strenuously contended for, showed that gross inequalities would inevitably result from the admission of the theory, and said:

"It would thus come to pass that the same person, occupying the same relation, and taking in the same character, two equal sums from two different persons, would pay in the one case more than twice the tax that he would in the other. In the arguments of counsel tables are found which show how inevitable and profound are the inequalities which the construction must produce. Clear as is the demonstration which they make, they only serve to multiply instances afforded by the one example which we have just given.

"We are, therefore, bound to give heed to the rule, that where a particular construction of a statute will occasion great inconvenience or produce inequality and injustice, that view is to be avoided if another and more reasonable interpretation is present in the statute."

Having reached the conclusion that the obvious and most reasonable construction of our statute confines the limitation to the separate legacies or distributive shares, we are relieved of the necessity of determining whether, if the construction contended for by the state should be adopted, the act would be in harmony with the fourteenth amendment to the federal constitution. That question is considered in *Black v. The State*, 113 Wis. 205; *Drew v. Tifft*, 79 Minn. 175; *State ex rel. v. Switzler*, 143 Mo. 287. Reference to a similar point is made in the Knowlton case, but concerning it the court did not even

intimate an opinion, as no occasion for doing so existed. Following the example set by that august tribunal, we express no opinion upon this important question, since we are clearly of the opinion that the act before us does not sustain the construction claimed for it by the attorney general.

The county court having applied the exemption clause in question to the separate estates received by each person, its ruling was in harmony with our view of the statute, and its judgment is affirmed.

Decision *en banc.*                 *Affirmed.*