[No. 6240.]

PEOPLE EX REL. ATTORNEY GENERAL v. RICE ET AL., EXECUTORS, ETC.

Taxes and Taxation—Inheritance Tax—Compromise Legacies— Subject to Tax—Interest—Penalty—Statutory Construction.

Section 21 of the revenue act (c. 3, Sess. Laws 1902) provides that all property passing by will or the intestate laws of this state shall be subject to a tax of two dollars on every hundred dollars of the clear market value when passing to, or for the use of, any child, provided that the sum of ten thousand dollars shall be exempt from such tax; and § 23 provides that

all taxes so imposed shall be due and payable at the death of the decedent, and interest at the rate of six per cent. per annum shall be charged for such time as said taxes are not paid, provided, that, if said tax is paid within six months, interest shall not be charged, but a discount of five per cent. shall be allowed, and, if the executors, administrators and trustees fail to pay such tax within one year, they shall give a bond for the payment of such tax, together with interest. Held, where the heir of a testator contested the will and the executors paid him an additional amount in consideration of his withdrawing the contest, that the entire amount received by him from the estate, less the exemption, is subject to the tax; and that, although the contest was not terminated until more than six months after the testator's death, and many suits were pending, so that the amount of the tax during such time could not be determined, still the statute imposes interest on such tax at six per cent. from the testator's death until paid, since it cannot be construed as a penalty and subject to rebate under such conditions.—P. 511.

*Error to the County Court of El Paso County.*

*Hon. Robert Kerr, Judge.*

Action by the people, on the relation of William H. Dickson, as attorney general, for the collection of an inheritance tax on the estate of Winfield S. Stratton, deceased. From a judgment fixing the tax, relator brings error.

*Affirmed in part and reversed in part, and judgment directed.*

Decision *en banc.* Mr. JUSTICE GODDARD not participating.

Mr. WILLIAM H. DICKSON, attorney general, and Mr. HORACE PHELPS, deputy attorney general, for plaintiff in error.

Mr. J. G. McMURRAY, Mr. DAVID P. STRICKLER, and Messrs. DINES, WHITED & DINES, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

Winfield S. Stratton departed this life at Colorado Springs on the 14th day of September, 1902. By his will he devised and bequeathed his entire estate to his executors in trust. The will was contested by I. Harry Stratton, son of the deceased. In consideration of his withdrawing the contest and consenting to the probate of the will, the executors paid to him, in addition to a legacy of $50,000.00, the sum of $300,000.00. On July 27th, 1906, the county court of El Paso county found that the gross value of the estate of the deceased at the time of his death was $6,307,166.36. Deductions amounting to the sum of $931,890.69, on account of costs and expenses, and claims paid by the executors, including the sum of $350,000.00 paid I. Harry Stratton, were allowed. Tentative deductions, amounting to the sum of $375,-275.67, were also allowed, and the court adjudged that the sum of $4,980,000.00 was subject to the payment of inheritance tax. This item was ascertained by deducting from the amount of the gross value the sums mentioned and the further sum of twenty thousand dollars, made up of two items of ten thousand dollars each, allowed by law as exemption to each of two legatees. The court fixed the amount of the inheritance tax at the sum of $284,062.33, together with interest thereon at the rate of six per cent. per annum from September 14, 1902, the date of the testator's death. Many errors and cross-errors were assigned, but all have been waived by stipulation of the parties, except the error assigned by the state, which relates to the deduction allowed by the court, from the amount fixed as the gross value of the estate, of the sum of three hundred thousand dollars, as part of the costs and expenses of administration, paid by the executors to I. Harry Stratton; and the cross-errors

of the executors, which relate to the allowance of interest on the amount of the inheritance tax from the date of the death of the testator. Neither the attorney general nor counsel for the executors has discussed the assignment of error relating to the deduction on account of costs and expenses of the amount in excess of his legacy paid to I. Harry Stratton. Nevertheless, as the interests of the state are involved, we shall decide the question.

By section 21 of the revenue act (Laws of 1902, page 49) it is provided that:

"All property    *    *    *    which shall pass by will or by the intestate laws of this state from any person who may die seized or possessed of the same *    *    *    shall be and is subject to a tax at the rate hereinafter specified.    *    *    *    When the beneficial interests to any property or income therefrom shall pass to or for the use of any    *    *    *    child    *    *    * the rate of tax shall be two dollars on every hundred dollars of the clear market value of such property received by each person, and at and after the same rate for every less amount.

"Provided, that the sum of ten thousand dollars of any such estate shall not be subject to any such duty or taxes, and that only the amount in excess of ten thousand dollars shall be subject to the above duty or tax."

The proviso has been construed by this court in the case *People v. Koenig,* 37 Colo. 283, and it is there held that the exemption of the statute refers to the separate estate received by each person, and not to the body of the estate of the decedent.

I. Harry Stratton, as an heir, in fact the sole heir, of W. S. Stratton, contested his father's will. If he succeeded in defeating the will, the entire estate of his father would descend to him. To settle the contest he was paid the sum of three hundred and

fifty thousand dollars, and the court allowed of this amount, three hundred thousand dollars as costs and expenses of administration. The rule, stated generally, is, that only those substantially interested will be heard to contest the probate of a will. And it is usually because the will does not make as liberal provision for the heir as the statute does, that contests are begun. So here the heir at law of Stratton contested the will, because his father made a less liberal provision for him than the statute, and he, in effect, accepted the sum of three hundred and fifty thousand dollars in settlement of his claim as son and heir. The money was paid to him because he was the son of Stratton, and it makes no difference that he accepted less than the statute would give him. He took all he did take in excess of his legacy by virtue of his heirship, and whatever he took, whether under the will or otherwise, is subject to an inheritance tax.

By section 23 of the act referred to, it is provided, that:

"All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and interest at the rate of six per cent. per annum shall be charged and collected thereon for such time as said taxes are not paid; provided, that if said tax is paid within six months from the accruing thereof, interest shall not be charged or collected thereon, but a discount of five per cent. shall be allowed and deducted from said tax, and in all cases where the executors, administrators or trustees do not pay such tax within one year from the death of the decedent, they shall be required to give a bond in the form and to the effect prescribed in section twenty-two of this act for the payment of said tax, together with interest."

The contest over the probate of the will was not determined until six months and more after the

testator's death.   During this period the rate of taxation could not be determined, because a different rate is fixed in cases where property is devised to trustees than in cases where the property is taken under the statutes of Descents and Distributions. Very many claims were filed against the estate proper, involving several hundreds of thousands of dollars, and suits were brought against companies in which the deceased was a large stockholder, involving the value of the stock of those companies; and it is stated in the brief, and not disputed, that if the suits filed were successfully maintained the estate would be hopelessly insolvent.   Because of these conditions, the executors insist that the interest fixed by the statute is not chargeable nor collectible, and they cite many authorities which sustain the position that, where a penalty is imposed by law for failing to pay a tax, that if the tax is not ascertainable, or the person by whom the tax is to be paid is not certain, the penalty cannot be collected.   Counsel for the defendants in error claim that the statute must be strictly construed in favor of the person taxed.   This proposition has been sustained by this court, and it is held in *People v. Koenig, supra,* that the statute imposes a special tax and is to be construed strictly against the government and in favor of the taxpayer.

Counsel also contend that the interest imposed is a penalty, and the statute must therefore be strictly construed in favor of the party sought to be penalized.   Also that the penalty cannot be enforced, because there was never an opportunity to pay the tax and thus avoid the penalty.

Whether we construe the statute strictly or liberally, we reach the same result.   The act, in plain and unambiguous terms, says the tax "shall be due and payable at the death of the decedent, and interest

33

at the rate of six per cent. per annum for such time as said taxes are not paid shall be charged and collected.'' The legislature knew that, under our laws, no estate, where an inheritance tax is chargeable, could be settled within one year from the death of the intestate or testator, and if the courts are to be in anywise controlled by the intention of the legislature, as expressed by the laws of the state considered together, they are bound to say that the legislature intended to not exempt beneficiaries from the operation of this law because of pending litigation. It is not claimed that the language of this act is ambiguous or uncertain, but it is claimed that the charge of interest therein is a penalty imposed, and that, under the circumstances disclosed by the record, it is inequitable, unjust and unlawful for the state to collect the interest. Such matters are considered by the statutes of New York and Pennsylvania as entitling the beneficiaries of an estate to be relieved from paying interest. Section 4, of chapter 713, of the Laws of New York, session of 1887, provides: ''All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and if the same are paid within eighteen months, no interest shall be charged and collected thereon, but if not so paid, interest at the rate of ten per cent. per annum shall be charged and collected from the time said tax accrued.''

Section 5 of the same chapter of the New York Laws provides that the penalty of ten per cent. shall not be charged where, in cases of necessary litigation or other unavoidable cause of delay, the estate cannot be settled at the end of eighteen months from the date of the decedent's death, and in such cases only six per cent. shall be charged upon said tax, from the expiration of eighteen months until the cause of such delay is removed.

In the case *In re Moore,* 90 Hun 169, these stat-
utes are construed, and the court there held that, as
it appeared that there had been unavoidable delay in
the settlement of the estate, no penalty should be
imposed for the delay, but that interest at the rate
of six per cent. from the expiration of eighteen
months should be paid.    The estate mentioned in the
case, cited in 90 Hun, was involved in litigation for
many years, yet the court required interest to be paid
as part of the tax, as required by statute.    A very
similar case arose in Pennsylvania, where the stat-
utes are substantially the same as those of New York.
The statute was construed in the case *Miller Estate,*
182 Pa. St. 157.    The court held that, as there was
unavoidable delay in the settlement of the estate, the
penalty should not be imposed, but required interest
from the expiration of one year from the death of the
decedent at the rate fixed by statute, and this, not-
withstanding the fact that a very large portion of the
estate did not come into the executor's hands until
several months after the expiration of one year from
the testator's death.

In New York and Pennsylvania, a time is fixed
within which the taxes may be paid without the ad-
dition of interest.    They provide that, after the time
fixed, a certain rate of interest shall be paid.    They
also provide that, if unavoidable delay is occasioned
in the settlement of the estate of a decedent, a lower
rate of interest shall be charged.    In both, provi-
sions are made for a discount if payment is made
before the time fixed for the settlement of the estate.
In New York the rate is ten per cent. after eighteen
months; in Pennsylvania, twelve per cent. after one
year; in both states the rate is reduced to six per
cent. where there is unavoidable delay in the settle-
ment of estates.    Our statute provides that the tax
shall be due and payable at the death of the decedent.

It does not fix a time when the tax shall be paid and after which a penalty shall be paid as interest for failure to pay, but it requires that interest at the rate of six per cent. per annum shall be charged and collected for such time as the taxes are not paid. It imposes a penalty, probably, for failure to pay the tax within a year, but the penalty is not an additional charge in the way of interest, but a requirement that a bond shall be given to secure the payment of tax and interest. In New York and Pennsylvania, the statute requires a higher rate of interest to be paid after default, and this interest at the higher rate is properly termed a penalty; and, although interest must be paid in these states whether there is or is not litigation, no suggestion is made in the decisions that we have cited that the interest that must in any event be paid is a penalty. The usual method of imposing a penalty in the revenue statutes is to fix a time at which the taxes become delinquent, after which a higher rate of interest is charged or a penalty by name imposed. Our statutes, in fact other sections of the revenue act, recognize the difference between a penalty, as such, and interest, and in several decisions of this court a distinction has been made between the interest and penalty mentioned in the revenue laws.—*Charlton v. Kelly*, 24 Colo. 273; *Pueblo Realty Co. v. Tate*, 32 Colo. 67.

Even if we disregard the legislative use of the terms "interest" and "penalty," the interest fixed by the section under consideration cannot be regarded as a penalty, because it is no higher than the legal rate.—*Sparks v. Lowndes County*, 98 Ga. 284.

Attention is directed to the proviso of the section, which declares that, if the tax is paid within six months no interest shall be charged and that a discount of five per cent. shall be allowed. This, in our opinion, does not have the effect of rendering the in-

terest charged a penalty. It is but the usual inducement held out to those interested in estates to make prompt payment of their taxes, and cannot be construed as fixing a time when the tax becomes delinquent, after which a penalty is imposed for non-payment.

The executors say that this statute imposes a hardship upon them and the trustees of the estate, because they could not pay the tax without becoming personally liable in the event of adverse decisions exhausting the funds in their hands, and that they could not determine until after the contest what rate should be paid. These are matters which should have appealed to the legislature, but the legislature, having before them the laws of other states containing more liberal provisions with respect to such matters, did not make provision for a rebate of interest under such conditions, and this department, therefore, cannot grant relief.

Under the authority of the New York and Pennsylvania cases we have cited, holding that interest is properly chargeable and collectible, we hold that the county court properly charged interest upon the taxes from the date of the death of the testator, and that portion of the judgment is affirmed. The judgment is reversed as to that portion thereof which credits, on account of costs and expenses, the sum paid I. Harry Stratton; and the court is directed to render judgment in accordance with the views herein expressed.

Decision *en banc*. Mr. JUSTICE GODDARD not participating.