### McCOY et al. v. GILL.

(Circuit Court, D. Massachusetts. November 14, 1907.)

No. 183.

INTERNAL REVENUE—LEGACY TAXES—WILL OF DECEDENT.

Where a writing offered as the will of a decedent was not admitted to probate, but contested proceedings therefor were compromised, as authorized by the statutes of Massachusetts, and the estate was distributed in accordance with the compromise decree, such compromise must be deemed the will under which the property passed, for the purposes of War Revenue Act June 13, 1898, c. 448, §§ 29, 30, 30 Stat. 464, 465 [U. S. Comp. St. 1901, pp. 2307, 2310], and the tax due thereunder determined accordingly.

Wm. M. Richardson, for plaintiff.
The United States Attorney, for defendant.

LOWELL, Circuit Judge. This is a suit to recover part of a legacy tax paid under protest. Payment was demanded by virtue of sections 29 and 30 of the war revenue act (Act June 13, 1898, c. 448, 30 Stat. 464, 465 [U. S. Comp. St. 1901, pp. 2307, 2310]), passed June 13, 1898.

Jordan died September 29, 1898. A writing purporting to be his will, wherein the plaintiffs in this suit were named executors, was offered for probate. Jordan's widow and son duly contested the probate, alleging that Jordan was of unsound mind and unduly influenced. The probate court allowed the will. An appeal was taken therefrom to the Supreme Court, wherein issues for a jury were framed, and at the trial the jury found a verdict in favor of the will. Exceptions taken at the trial by the contestants were later sustained by the Supreme Court, and the verdict was set aside. Thereafter, pursuant to the statutes of Massachusetts (Rev. Laws, c. 148, § 15), a compromise was duly entered into, by which the estate was distributed in a manner other than that provided in the writing above mentioned. The legacy tax, properly assessed according to the disposition made by the original writing offered for probate, was $3,060.67. If assessed according to the disposition made by the compromise, its amount

was $1,781.25. For the difference, viz., $1,279.42, the plaintiffs sue in this action.

The statute of Massachusetts above mentioned is as follows:

"The Supreme Judicial Court shall have jurisdiction in equity to authorize the persons named as executors in an instrument purporting to be the last will of a person deceased, or the administrators with such will annexed, to adjust by arbitration or compromise any controversy between the persons who claim as devisees or legatees under such will and the persons entitled to the estate of the deceased under the statutes regulating the descent and distribution of intestate estates, to which arbitration or compromise the persons named as executors, or the administrators with the will annexed, as the case may be, those claiming as devisees or legatees whose interests will in the opinion of the court be affected by the proposed arbitration or compromise, and those claiming the estate as intestate, shall be parties."

Section 29 of the war revenue act provides:

"That any person or persons having in charge or trust as administrators, executors or trustees any legacies or distributive shares arising from personal property * * * passing * * * from any person possessed of such property either by will or by the intestate laws of any state or territory * * * shall be, and hereby are made subject to a duty or tax."

The government contends that the tax should be assessed according to the tenor of the writing offered for probate, on the ground that this is the will of Jordan, rather than the compromise subsequently effected by those interested in his estate. But, whether the compromise be deemed a will or not in the purview of the war revenue act, under no circumstances can a writing which has not been admitted to probate in the proper court of Massachusetts be made the basis of an inheritance tax in the federal courts. Only by probate is a writing in its nature testamentary established in Massachusetts as the will of its maker. The Circuit Court of the United States is not a court of probate, and is without jurisdiction to determine that a writing which for any reason has failed of probate in the proper state court is the last will of Jordan. Either the compromise is to be deemed his will within the purview of the war revenue act, or he must be deemed to have died intestate. This was the view necessarily taken by the government itself. In collecting the tax the government necessarily set up the compromise. It did not seek payment from the persons named as executors in the original writing. They never had in charge any distributive shares of personal property. It sought payment from the persons appointed executors by the probate court by virtue of the compromise, inasmuch as the latter made distribution of Jordan's estate. A writing, which may have been in Jordan's possession, does not become his will merely because it has been vainly offered for probate. There is some difficulty, indeed, in holding that a compromise which has been made by the parties to the controversy, and has been approved by the supreme court of probate, is thereby made the will of Jordan. Unless, however, the shares distributed in accordance with its provisions be deemed for the purposes of the war revenue act to pass "by will or by the intestate laws," the United States can collect no tax whatsoever upon the shares. This result seems inadmissible.

As Jordan's executors never had in charge legacies or distributive shares which passed according to the writing originally offered for probate, they were not liable for any tax thereupon.

There will be judgment for the plaintiffs.