## STATE EX REL. CLIFFORD L. HILTON v. PROBATE COURT OF KANDIYOHI COUNTY AND ANOTHER.[1]

### June 13, 1919.

### No. 21,321.

**Inheritance tax when beneficiaries agree to settle will contest.**

    The statute imposes a tax on any transfer of property "by will or intestate law."[2] Where a will contest has been amicably settled between the beneficiaries named in the will, and they have in good faith stipu-

[1]Reported in 172 N. W. 902.    [2][G. S. 1913, § 2271.]

lated for a decree of distribution in accordance with the settlement, and there is no intent to evade or reduce the inheritance tax, the tax should be computed upon the share received by each beneficiary under the decree.

Upon the relation of Clifford L. Hilton, Attorney General, the supreme court granted its writ of certiorari directed to the probate court of Kandiyohi county and the Honorable T. O. Gilbert, judge thereof, to review the judgment of that court in the matter of inheritance tax upon the estate of Catherine McIntyre, deceased. Affirmed.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for relator.

*R. W. Stanford,* for respondents.

HOLT, J.

By writ of certiorari sued out by the attorney general, the judgment of the probate court of Kandiyohi county determining the amount of inheritance tax due the state from the estate of Catherine McIntyre, deceased, is brought before this court for review.

The decedent, a resident of the state of Iowa, left a will, whereby she gave one-third of all her property to her husband, Daniel McIntyre, and the remaining two-thirds thereof to a trustee in trust to pay to her niece, Kate Walsh, the income therefrom and a sufficient amount of the principal to support her comfortably, and at her death to deliver the remaining principal to her heirs. The will was duly admitted to probate in the proper court of the state of Iowa on November 5, 1914, and was duly admitted to probate in this state as a foreign will by the probate court of Kandiyohi county on August 16, 1915. An agreement executed by and between the husband, Daniel McIntyre, and the niece, Kate Walsh, on September 25, 1915, was filed in the probate court of Kandiyohi county on October 14, 1918. This agreement states that it was made to confirm a prior oral agreement between the parties; that, when the will was offered for probate in the Iowa court, Daniel McIntyre filed objections thereto; that to avoid a contest Daniel McIntyre and Kate Walsh made an oral agreement that the objection should be withdrawn and the will admitted to probate, and that the property left by the decedent should be divided equally between them; that the objections

were withdrawn and the will was admitted to probate; that by reason of the facts recited in the agreement Daniel McIntyre is entitled to an undivided one-half of the property of the decedent, and the trustee is entitled to the other undivided one-half thereof for the purposes of the trust, and that both parties to the agreement desired the court to assign the property in accordance therewith in its final decree. The husband and the niece were the only parties to this agreement, but the power of the niece to bind the trust estate thereby does not seem to have been questioned by anyone at any time, and for the purposes of this case we shall assume, without further consideration, that the agreement was valid and effective.

The property within this state consisted of a tract of land in Kandiyohi county of the value of $4,800. It is stipulated that this land was sold for the sum of $4,800 on October 10, 1918, and that the expenses of administration in the sum of $197.50 were paid from the proceeds, and that the remaining sum of $4,602.50 was assigned in equal shares to Daniel McIntyre and Kate Walsh, pursuant to the above agreement, by the final decree of the probate court made on December 23, 1918.

Where property passes to a surviving spouse $10,000 in value is exempt from the inheritance tax; where it passes to a niece $1,000 in value is exempt from such tax. It is conceded that no tax is due from the husband whether he received one-third or one-half of the property, as in either event he received less than the amount of his exemption. By virtue of the agreement, the trustee retained for the purposes of the trust only one-half of the property of the value of $2,301.25. The court deducted the exemption of $1,000 from this amount and held that the remaining sum of $1,301.25 was the only amount subject to the transfer tax and rendered judgment accordingly. The state contends that two-thirds of the property of the value of $3,068.33 passed to the trustee by the will, of which $1,000 was exempt and $2,068.33 was subject to the tax.

The question presented is whether, where there is a purported will, the several beneficiaries therein shall pay the inheritance tax upon the amount actually received out of the estate according to a decree of distribution entered upon a good faith compromise between them, or should they each pay upon the portion designated as the share in the will?

The fundamental principle in the whole inheritance tax law is to exact a tax upon the clear amount in money value received by each beneficiary, legatee or heir from a decedent's estate, by virtue of the provisions of a will, or the intestate law, or otherwise, for the tax reaches transfers made by a decedent in contemplation of death. The tax is upon the transfers by which a beneficiary, legatee or heir obtains a portion. It is not a tax upon the estate, but upon the privilege of receiving a portion thereof, and is to be computed on the clear value of the portion received. True, theoretically the transfer occurs upon the death of decedent, when it is accomplished either by will or the intestate law. And the act-provides that the basis of computing the tax shall be upon the money value of the portion received as of the time of decedent's death, or as soon thereafter as it is practicable to ascertain its then true value. The intention of the act is to compute the tax upon the value of the property which is received by an heir, or legatee, out of a decedent's estate, and upon nothing else. While the law provides against evasions it also carefully guards the rights of the one from whom the tax is exacted by providing for a refund under certain conditions. It tolerates neither evasions nor injustice nor inequalities. The law does not in terms provide that the tax shall be computed upon the will as written. The intent no doubt is to compute upon the portion received by each legatee or beneficiary.

Where a decedent has attempted to transfer his estate by a purported will, there is frequently an uncertainty as to the persons who eventually will participate in the estate, and the amount or value of the portion to be received, and there is also a possibility that the transfer may after all be in virtue of the intestate law and not through the will. The will may turn out not properly executed, or invalid because of lack of testamentary capacity or the exertion of undue influence. Therefore, in case of a contest between the beneficiaries named in the will, or where the instrument is attacked by one claiming under the intestate law, the practical proposition is that there is no actual transfer of any portion of the estate until the final decree of distribution is made, or until a court of competent jurisdiction construes or determines the issue between the claimants. The decree so finally entered relates back, and, of course, makes the transfer effectual as of the date of death. But so

far as concerns the state's right to charge inheritance tax against a transferee for an amount received, the decree must be deemed conclusive, unless entered collusively for the purpose of evading or diminishing the tax. The final determination of the courts speaks with authority concerning the transfer, the transferee, and the portion transferred. And the inheritance tax law no doubt intended that, where there was uncertainty or a contest, the tax should be computed according to the final adjudication between the parties. A contest may be tried out, but it may also be compromised. A final judgment or decree after a trial is no more effective or binding upon the parties than one entered pursuant to a compromise. In this case there was a valid compromise and a decree of distribution agreed upon. In re Rogers' Estate, 141 Minn. 93, 169 N. W. 477. No person can question the efficacy of this decree to formally transfer to each of the parties the portion of the estate which passed to each at decedent's death, and the state should not be permitted to so do except upon a showing that it was collusively entered for the purpose of depriving the state of the proper tax. The policy of the state should be to encourage settlement of litigation. In the instant case had the contest resulted in favor of the husband, there would have been no tax at all, because of the exemption allowed a spouse.

Another principle may be applied to the facts of the instant case. A beneficiary in a will may refuse to accept the portion given.

In Wolfe's Estate, 89 App. Div. 349, 85 N. Y. Supp. 949 (affirmed in 179 N. Y. 599, 72 N. E. 1152, upon the opinion below, and approved but distinguished in Matter of Cook, 187 N. Y. 253, 79 N. E. 991), it is said: "If the legatee renounce the gift and refuse to receive it, no tax can be collected with respect to him, because there has been no transfer to him. His right to renounce the privilege of accepting the donation is not denied or forbidden by the statute, and such right is recognized by the authorities, or some of them, which I have cited. On his effective renunciation the title to or ownership of the property of the gift remains in the estate, to be disposed of under the terms of the will, and the succession is taxable in accordance with the nature of the ultimate devolution. The fact that the tax is payable at the death of the testator controls the question of interest, but certainly controls no other question germane to the point now under consideration. There need be

no reasonable apprehension that the state government will be seriously embarrassed by renunciations of legacies made in evasion of the law." The Iowa court approved the principle stated in Stone's Estate, 132 Iowa, 136, 109 N. W. 455, 10 Ann. Cas. 1033, where the syllabus[1] reads: "A contract between the beneficiaries in a will, including a collateral legatee, renouncing the provisions of the will and providing for a division of the property, was valid and enforceable, though its effect was to -deprive the state of a collateral inheritance tax, otherwise assessable on the legacy to the collateral legatee." Logically it would seem to follow that if a beneficiary may renounce the whole legacy he may renounce a part, and the part so renounced is not subject to the succession tax as property transferred to him by the will.

By the compromise, in the case at bar, the niece in fact renounced a part in favor of testatrix's husband, the only other legatee and the sole heir. Whether the final decree stipulated for is considered as adjudicating a partial renouncement of the legacy by the niece, or as a construction of the will, even though erroneous, it is conclusive upon all interested in the estate that, by the will, the estate passed in equal shares to the two legatees. In line with the view that the portion surrendered by the niece under the settlement is not subject to a tax, except as a transfer of that much by will to the husband of testatrix, may be cited People v. Rice, 40 Colo. 508, 91 Pac. 33. In Pepper's Estate, 159 Pa. St. 508, 28 Atl. 353, and Hawley's Estate, 214 Pa. St. 525, 63 Atl. 1021, 6 Ann. Cas. 572, it was held that money paid out of an estate in good faith compromise of a threatened will contest, is not subject to inheritance tax; that the only effect of such settlement was to reduce the estate that passed by the will and make the tax applicable to what remained for distribution. It is unnecessary to determine now, whether in such a case the state ought not to be able to secure the tax upon the part received by the party who accepted part of the estate by the settlement.

The decisions notably opposed to the view that a settlement of a will contest can change the tax from that computed under the terms of the will as written are: Baxter v. Treasurer and Receiver General, 209 Mass. 459, 95 N. E. 854; Matter of Cook, 187 N. Y. 253, 79 N. E. 991; and Estate of Graves, 242 Ill. 212, 89 N. E. 978. In Baxter v. Treas-

[1][See 109 N. W. 455.]

urer and Receiver General the court lays some stress on the fact that for many years there had been a statute in force providing for compromise agreements in relation to will controversies, with the approval of the probate court, and it was thought that in view of that statute the inheritance tax was not intended to be subjected to the uncertainties that might result from such compromises, but should be computed under the will as written.

The reasoning in the Illinois and New York cases cited is that, where there is a compromise and settlement in a will controversy, the transfer is by the contract of settlement and not by the will, that the one who acquires more than the will in terms gives, acquires that part by purchase or assignment, and therefore the succession tax must be based upon the will as written. It is to be noted that in both cases there was no stipulation for a final decree of distribution, as in the case at bar, and there was an outright sale and assignment of the claimant's interest in the estate for a large money consideration. Where there is an outright purchase and assignment of a beneficiary's interest in an estate, it is but right that the tax which it was subject to in the hands of the assignor should be paid. But it would seem that a good faith compromise by which the whole estate is divided between the beneficiaries in the will in a different manner than therein stated, and upon no other consideration than the settlement of a bona fide contest, is not properly an assignment of any interest in the estate, and it should be accepted by the state as a proper basis for the computation of the inheritance tax, it not appearing that the compromise was made for the purpose of evading the tax.

The judgment should be affirmed.

DIBELL, J. (dissenting).

I dissent. The precise question is whether the provisions of the probated will under which the devisees took, or the provisions of their contract, made, as it recites, "in order to save the expenses of a contest as to the admission of said will to probate and for the purpose of making a more just and equitable division of the property belonging to said estate," the decree of distribution of the proceeds of the sale of the real estate passing it to the two devisees in proportions different from those

provided by the will but in accordance with the consent and request embodied in the contract, fix the status of the property for the determination of the transfer tax. In my opinion the will, not the contract, is the basis for computing the succession tax.

By the statute, so far as applicable here, a succession tax is imposed "when the transfer is by will or by intestate law, of property within the state." G. S. 1913, § 2271. The tax takes effect "at and upon the death of the person from whom the transfer is made," and it is a lien upon the property transferred. G. S. 1913, §§ 2273, 2276. The statute makes it as plain as language can that there is to be a tax when there is a transfer by will or by intestate law.

The land which the testatrix owned in Minnesota passed at her death by her will or by the intestate laws of the state. There was a will admitted to probate and therefore it passed by will. It could pass in no other way and in no other proportions than the will stated. By this will her husband got one-third and her niece got two-thirds. By the contract between them the husband got one-half and the niece one-half of all that passed by the will; or, putting it in another way, the niece, to effect this result, gave the husband, who had received one-third by will, one-fourth of the two-thirds which she took by the same will, which was the equivalent of one-sixth of the whole, so that by the contract and the will each had a one-half. They did not think to change the will nor could they change it any more than they could change the law of descent. The husband did not get more than a third by will; the niece took no less than two-thirds by will. It is likely true that the niece might have renounced the gift which came to her by the will. She did not. She preferred taking it. Whether she could have renounced one-fourth of her two-thirds is a question not important here. Upon these interests, as they come by will, the statute in express terms imposes a succession tax. Those taking by will cannot change or escape the tax which the statute imposes, no matter how good their motive, by partitioning among themselves what they get, whether such partition operates favorably to themselves or advantageously to the state. This is the view taken in Massachusetts, New York, Illinois, Iowa, Nebraska, California and Tennessee. Baxter v. Treasurer and Receiver General, 209 Mass. 459, 95 N. E. 854; Matter of Cook, 187 N. Y. 253, 79 N. E. 991; Estate of

Graves, 242 Ill. 212, 89 N. E. 978; In re Wells' Estate, 142 Iowa, 255, 120 N. W. 713; In re Sanford's Estate, 90 Neb. 410, 133 N. W. 870, 45 L.R.A.(N.S.) 228; Estate of Rossi, 169 Cal. 148, 146 Pac. 430; English v. Crenshaw, 120 Tenn. 531, 110 S. W. 210, 17 L.R.A.(N. S.) 753, 127 Am. St. 1025. Other cases might be cited from the same states. The courts of Pennsylvania and Colorado take a different view. Pepper's Estate, 159 Pa. St. 508, 28 Atl. 353; People v. Rice, 40 Colo. 508, 91 Pac. 33.

It cannot be successfully urged that the cases from the seven states first named are substantially distinguishable from the case at bar, or that they can be brought into harmony with the majority opinion. The cases themselves, or others from the same jurisdiction, concede that they are at war with the Pennsylvania doctrine and the doctrine now adopted by this court. Nor can it be contended but that Pennsylvania and Colorado are in harmony with the majority opinion.

In the New York case the court said: "The compromise did not change the will. No settlement could change a word that the testator wrote. The will stands as it was written, and the most solemn instrument, executed by all parties interested, could not convert a bequest to the nephews and nieces into a bequest to the widow. As we said in another case, she takes under them 'by contract, not under the will, or from the testator.' A succession tax is measured by the legal relation which the legatee bears to the testator and is not affected by the relation which an assignee of the legatee bears to him."

In the Illinois case the court, speaking of one who had received money in compromise of a threat to contest, said: "No beneficial interest passed to her under any statute. The money was paid to her by virtue of a contract with the heirs. Henry Graves died testate. His will disposed of all his estate. The whole of the residuary estate vested, at the instant of his death, in the residuary legatees. The inheritance tax was then due and payable. * * * Subsequent events did not affect it." Language like that quoted is typical of that found in other cases.

The fact that the probate court made a decree of distribution giving one-half of the proceeds of the sale of the land to the husband and one-half to the niece, as they formally requested in their contract, is not important in the present controversy. Conceding that it had jurisdic-

·tion to decree in accordance with a contract between them and contrary to the will, a decree to such effect does not determine the state's right to a succession tax. That the jurisdiction of the probate court does not extend to controversies between beneficiaries and others is well understood. State v. Probate Court of Sibley County, 33 Minn. 94, 22 N. W. 10 ; Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. Rep. 59; Hurley v. Hamilton, 37 Minn. 160, 33 N. W. 912; Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L.R.A. 1916D, 421, and cases cited. It is well settled that a probate decree cannot be attacked collaterally. Davis v. Hudson, 29 Minn. 27, 11 N. W. 136. The decree of distribution, made not in conformity to the will but in accordance with the request of the parties embodied in the contract, does not conclude the state in its claim of a succession tax. It is not interested in it. It is not attacking the decree of distribution collaterally or at all. It is not concerned with the contract which the devisees made relative to the property which they took under the will, nor complaining of it. Under the sections of the statute before cited a succession tax takes effect upon the death of the testator and it is a lien upon the property devised. The state is assailing the determination by the probate court of the amount of the tax to be paid. This it has the statutory right to do and it is not concluded by the decree of distribution. If the probate court in its final decree had construed the will as giving the property to the devisees in equal shares it might be argued that such construction was conclusive here, but the court did nothing of the kind and a contention to that effect was not before it. It established as valid the provisions of the will and it distributed the estate on a basis of one-half and one-half in obedience to the statement in the contract that "both parties to this agreement hereby consent and ask that a decree of final distribution be entered assigning and distributing" the estate in the proportions stated.

In the Massachusetts case, the court referring to its statute which allows a compromise of will contests which is made a part of the decree of probate, and in holding the estate subject to a succession tax in accordance with the terms of the will, said: "In view of the nature and office of the compromise statute, and of the language of the tax statute, the most reasonable interpretation of the phrase 'which shall pass by will' in the tax statute is that it describes only property that passes by the terms

of the will as written and not as changed by any agreement for compromise made within or without the statute. Any other interpretation would make the amount to be assessed hinge on the manner in which the agreement was to be carried out. In the case before us there can be no doubt if the will had been admitted to probate without a record of the agreement the tax would have been assessed in accordance with the terms of the will, although the agreement as to the division of the estate would have been perfectly valid. For reasons hereinbefore stated the amount of the tax is not changed by the fact that the agreement was approved by the court and made a part of the decree."

The settlement of controversies over estates is not to be discouraged. The statute however cannot be changed to encourage settlements, nor is it apparent that the doctrine of the seven states particularly discourages settlements any more than that the Pennsylvania doctrine encourages them. Certainly the case before us illustrates no practical discouragement. The niece was willing to part with $800 in settlement. The succession tax which she is contesting is $24. The parties may make such a settlement as they wish, but if they take title by the will they cannot settle in disregard of the statute which imposes a succession tax upon the gifts to them. The statute embarrasses them only when they seek to avoid the succession tax.

In the administration of our inheritance tax law it may be said, as the Massachusetts court said relative to its own tax law: "It is important that in the assessment of this tax there should be a plain, simple rule. The property upon which the tax is to be assessed is that which passes by will or by the laws regulating intestate succession. When there is a will * * * whatever does pass by it passes to the legatees therein named, and by force of the will passes to no other person."

Justice Hallam concurs in the dissent.