IN RE ESTATE OF SUSAN F. KIERSTEAD.
MADISON COUNTY, APPELLANT, V. METHODIST EPISCOPAL CHURCH OF TILDEN ET AL., APPELLEES.

FILED MARCH 11, 1932. No. 27971.

*Carl Peterson* and *Moyer & Moyer,* for appellant.

*Mapes, McDuffee & Mapes, G. M. Spurlock, W. V. Hoagland* and *C. W. De Lamatre, contra.*

Heard before ROSE, GOOD and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

CHAPPELL, District Judge.

Susan F. Kierstead died on June 13, 1927, then a resident of Madison county, Nebraska. She left a last will and testament which was filed for probate in the county court of Madison county, Nebraska. At the time of her death she was a widow about seventy years of age, and no issue survived her. In this will a portion of her estate was given to the following institutions: The Methodist Episcopal Hospital of Omaha, the Odd Fellows Home at York, the Mother's Jewels Home, a Methodist orphanage at York, and the Womans Home Missionary Society of the Methodist Episcopal Church.

A sister and twelve nieces and nephews, heirs at law, contested the admission to probate of this will, but it was admitted to probate by the probate court. An appeal was taken by the contestants to the Madison county district court where trial to a jury was had. This trial lasted more than three weeks; the jury were unable to agree and were discharged. The case was again tried in the district court for Madison county, and the second trial lasted more than five weeks; again the jury disagreed and were discharged without rendering a verdict. Thereupon the contestants filed a motion for a change of venue, asking to have the case removed from Madison county and from the ninth judicial district. This motion, supported by numerous affidavits, was sustained and the appealed action was transferred from Madison county to Platte county. After the case had been transferred from Madison county to Platte county the proponents and contest-

ants entered into a stipulation for the purpose of compromising and settling the litigation growing out of the petition for probate and the contest thereof. Pursuant to this stipulation the district court for Platte county entered its decree. Under this stipulation and decree L. P. Pasewalk, the special administrator appointed by the county court of Madison county, paid into the Platte county district court the sum of $25,010 for the heirs at law, contestants. The decree contains the following clauses: "Sixteenth. The contestants, Samuel J. Whitehead and Bertha Huston or their personal representatives, shall each be paid the sum of $250 as one-half of their legacies out of said fund of $25,010. Seventeenth. The contestants as heirs at law and the personal representatives of Bertha E. Huston, deceased, shall share in the balance of the fund paid into this court in the proportion as follows, to wit: (here follows their names and respective proportions)."

One George H. Moyer was appointed by the county court of Madison county to appraise the estate and make his recommendations as to the levying of an inheritance tax. He made his appraisement and assessment and reported the same to the county court. There is no dispute over the valuation established by the appraisement, and there is no dispute over the procedure which he adopted in making the appraisement, but the appraiser, Moyer, held and reported that the $25,010 paid by the special administrator to the heirs at law, contestants, was taxable, not to the heirs at law, who received it, but to the legatees named in the will, who received no part of it. The legatees under the will appealed from the appraiser's assessment to the county court where the assessment, as made by the appraiser, was approved. The legatees then appealed to the district court where a trial was had and the case submitted to the court. The district court reversed the county court and held that the $25,010 paid to the heirs at law, contestants, was not taxable as property received by the legatees; that the legatees are only

liable to taxation upon such property as they actually receive. From this decree of the district court for Madison county, the county of Madison has appealed to this court.

The assignments of error by appellant on appeal are: (1) The district court erred in exempting the sum of $25,-010 received by the legatees under the last will and testament of Susan F. Kierstead, and paid out by them to the contestants under the stipulation of settlement of the will contest; (2) the district court erred in admitting evidence of the effect on the property of the estate of the litigation growing out of the contest of the last will and testament of Susan F. Kierstead.

Appellees in their brief present one other issue to this court to which appellant has filed a reply brief. Appellees contend that chapter 132, Laws 1931, amends the inheritance tax statute, section 77-2201, Comp. St. 1929, to read as follows: "Provided further, that all bequests, legacies, devises, or gifts, to or for the use of any corporation, organization, association or foundation organized and operated exclusively for religious, charitable or educational purposes, no part of which is owned or used for financial gain or profit to either the owner or user or inures to the benefit of any private stockholder or individual, or to the trustee or trustees exclusively for such religious, charitable or educational purposes, shall not be subject to any duty or tax, and no such duty or tax shall be assessed or collected after the taking effect of this act irrespective of the time of the death of decedent or the fact of pendency of his or her estate."

Appellees contend that they are all charitable institutions and that as legatees under the will they are not subject to any inheritance tax whatsoever by reason of this statute, as it contains a retroactive provision.

A careful examination of the transcript and bill of exceptions discloses that it contains no evidence or stipulation on the question as to whether these appellees were charitable institutions and might thereby come within the provisions of this statute, and appellees have filed no

cross-appeal in this court. For this reason, as we view the record, we are not required to determine this question.

Appellant contends, citing many well-reasoned authorities, that all the property composing the estate of Susan F. Kierstead passed by will and that the inheritance tax should be assessed against the right of succession of the legatees named in the last will' and testament, under section 77-2201, Comp. St. 1929:

"All property, real, personal and mixed which shall pass by will or by the intestate laws of this state from any person who may die seised or possessed of the same while a resident of this state, or, if decedent was not a resident of this state at the time of his death, which property or any part thereof shall be within this state, or any interest therein or income therefrom, which shall be transferred by deed, grant, sale or gift made in contemplation of the death of the grantor, or bargainer or intended to take effect, in possession or enjoyment after such death, to any person or persons or to any body politic or corporate in trust or otherwise, or by reason thereof any person or body corporate shall become beneficially entitled in possession or expectation to any property or income thereof, shall be and is subject to a tax, at the rate hereinafter specified, to be paid to the treasurer of the proper county for the use of the state, and all heirs, legatees and devisees, administrators, executors and trustees shall be liable for any and all such taxes until the same shall have been paid as hereinafter directed."

Appellant takes the position that the inheritance tax law, section 77-2201, Comp. St. 1929, providing that all property, real, personal and mixed which shall pass by will or by the intestate laws of this state shall be subject to a certain tax, imposes a tax upon the right of succession, not upon the estate, debts and the expenses of administration being the only charges upon the estate, and the tax accrues when the estate vests upon decedent's death and is not affected by any transfer or agreements

by those who take the estate, so that a sum which legatees paid out of the estate to contestants of the last will and testament of the deceased, in consideration of their agreement not to further contest the will, is taxable to the legatees. Supporting this contention is cited, among other cases, *In re Estate of Sanford*, 90 Neb. 410. The court held in that case:

"The widow of a testator who takes real estate devised to her by his will in lieu of dower is not in a position to require the taxing authorities to exempt so much of such real estate as equals the value of her dower interest from the payment of an inheritance tax. * * * Real estate devised by will passes to the devisee at the death of the testator, and its status under the law taxing inheritances is fixed at that time. An agreement between devisees to satisfy a claim against the estate in favor of one of them by a conveyance of a portion of such real estate to the claimant will not exempt it from liability for an inheritance tax."

A vigorous and logical dissenting opinion was written in this case by Judge Fawcett as to both propositions above quoted. A rehearing was granted and the decision was modified, the opinion appearing in 91 Neb. 752, in which opinion as to the dower interest, the court said: "The dower interest of the widow in the estate of her deceased husband, whether taken under his will or by operation of law, is not subject to an inheritance tax." In the body of the opinion, as to the other question, the court said: "It is next contended that we should further modify our former judgment by holding that the claim of Charles W. Sanford for $35,524.95 against his father's estate should also be deducted from the appraisement before the inheritance tax is computed. We see no reason to change our former opinion on this question. While the demurrer of the county admits the facts which are well pleaded by the petition, it must be observed that the petition is insufficient in that it fails to set forth any enforceable contract or agreement between Charles W. San-

ford and his father which would sustain a judgment against the estate, and it appears that, after the succession of the estate, the beneficiaries under the will, who were also the sole executors thereof, agreed between themselves upon the so-called satisfaction of this claim. Such an agreement should not have the effect of avoiding the payment of a substantial part of the inheritance tax."

Judge Fawcett dissents from so much of the opinion as refers to Charles W. Sanford, for the reasons assigned in his opinion on the former hearing, reported in 90 Neb. 410. The inference or conclusion which this court derives from the modified opinion is that the petition was insufficient in that it fails to set forth any enforceable contract or agreement between Charles W. Sanford and his father which would sustain a judgment against the estate, and that it is not in point or a precedent for this case. It must be observed that the will of the decedent was admitted to probate without contest and that the question of liability for inheritance tax did not arise until two years after the death of the decedent and the probate of the will.

Section 30-221, Comp. St. 1929, now provides: "No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the court of probate as provided in this chapter, or on appeal in the district court." Thus, the title to both the real and personal property would have actually passed to and vested in the legatees upon probate of the will more than two years before any controversy whatsoever arose.

The question has never been directly passed upon by this court. A careful study of the authorities discloses that the courts of the different states have adopted three different theories, most of them under statutes similar to ours.

One line of decisions treats the property in compromise of a will contest as expenses of administration for tax purposes, and thereby not taxable at all for any purpose. This proposition the court believes is a subterfuge and

inequitable in that it gives ready opportunity for collusion and fraud and would deprive the state of its legitimate revenue, thereby defeating the purpose of the inheritance tax law. *Kerr's Estate*, 159 Pa. St. 512; *Hawley's Estate*, 214 Pa. St. 525; *English v. Crenshaw*, 120 Tenn. 531. Pennsylvania has since abandoned this theory. 29 Columbia Law Review, 1164.

The second line of cases holds that such a transfer is an assignment by the legatee of a portion of his legacy and consequently the taxability of the property is determined by strict adherence to the terms of the will and without reference to the ultimate disposition of the property. This proposition is supported by well-reasoned cases and is the law in many states. *MacKenzie v. Wright*, 31 Ariz. 272; *In re Estate of Graves*, 242 Ill. 212; *Baxter v. Treasurer and Receiver General*, 209 Mass. 459; *In re Murray's Estate*, 155 N. Y. Supp. 185; *Hastings v. Nesmith*, 188 Mass. 190; *Brandeis v. Atkins*, 204 Mass. 471; *Estate of Rossi*, 169 Cal. 148; 26 R. C. L. 232, sec. 204; 29 Columbia Law Review, 1164.

The third viewpoint is that the compromise payment is to be taxed as a devolution of property by death to the contestant if an heir at law. The portion transferred is considered as having been renounced by the legatee, as passing directly from the estate to the one who receives it, and that the will is inoperative to that extent. This position seems preferable to either of the other two, since the tax is intended to reach property acquired by virtue of some relation to a decedent.

By virtue of this theory the $25,010 involved in this action would pass by the intestate laws of this state because of some relation to the decedent as heirs at law, and would not deprive the state of revenue by agreement among the contestants, but could not be taxed against appellees herein, who never actually received any part of it. This was the position which the eminent trial judge must have taken, and which is ably supported by the following authorities: 29 Columbia Law Review,

1164; *Taylor v. State,* 40 Ga. App. 295; *People v. Rice,* 40 Colo. 508; *State v. Probate Court,* 143 Minn. 77; *In re Estate of Harold Thorson,* 150 Minn. 464; *In re Estate of Stone,* 132 Ia. 136; *Matter of Wolfe,* 179 N. Y. 599; *Matter of Cook,* 187 N. Y. 253; *Pepper's Estate,* 159 Pa. St. 508; *Kerr's Estate, supra; Benz v. Rogers,* 141 Minn. 93; *Hawley's Estate, supra; Taber's Estate,* 257 Pa. St. 81; *McCoy v. Gill,* 156 Fed. 985.

In *State v. Probate Court,* 143 Minn. 77, under a statute similar to ours, the court said: "The question presented is whether, where there is a purported will, the several beneficiaries therein shall pay the inheritance tax upon the amount actually received out of the estate according to a decree of distribution entered upon a good faith compromise between them, or should they each pay upon the portion designated as the share in the will? The fundamental principle in the whole inheritance tax law is to exact a tax upon the clear amount in money value received by each beneficiary, legatee or heir from a decedent's estate, by virtue of the provisions of a will, or the intestate law, or otherwise, for the tax reaches transfers made by a decedent in contemplation of death. The tax is upon the transfers by which a beneficiary, legatee or heir obtains a portion. It is not a tax upon the estate, but upon the privilege of receiving a portion thereof, and is to be computed on the clear value of the portion received. True, theoretically the transfer occurs upon the death of decedent, when it is accomplished either by will or the intestate law. And the act provides that the basis of computing the tax shall be upon the money value of the portion received as of the time of decedent's death, or as soon thereafter as it is practicable to ascertain its then true value. The intention of the act is to compute the tax upon the value of the property which is received by an heir, or legatee, out of a decedent's estate, and upon nothing else. While the law provides against evasions it also carefully guards the rights of the one from whom the tax is exacted by providing for a refund under certain

conditions. It tolerates neither evasions nor injustice nor inequalities. The law does not in terms provide that the tax shall be computed upon the will as written. The intent no doubt is to compute upon the portion received by each legatee or beneficiary.

"Where a decedent has attempted to transfer his estate by a purported will, there is frequently an uncertainty as to the persons who eventually will participate in the estate, and the amount or value of the portion to be received, and there is also a possibility that the transfer may after all be in virtue of the intestate law and not through the will. The will may turn out not properly executed, or invalid because of lack of testamentary capacity or the exertion of undue influence. Therefore, in case of a contest between the beneficiaries named in the will, or where the instrument is attacked by one claiming under the intestate law, the practical proposition is that there is no actual transfer of any portion of the estate until the final decree of distribution is made, or until a court of competent jurisdiction construes or determines the issue between the claimants. The decree so finally entered relates back, and, of course, makes the transfer effectual as of the date of death. But so far as concerns the state's right to charge inheritance tax against a transferee for an amount received, the decree must be deemed conclusive, unless entered collusively for the purpose of evading or diminishing the tax. The final determination of the courts speaks with authority concerning the transfer, the transferee, and the portion transferred. And the inheritance tax law no doubt intended that, where there was uncertainty or a contest, the tax should be computed according to the final adjudication between the parties. A contest may be tried out, but it may also be compromised. A final judgment or decree after a trial is no more effective or binding upon the parties than one entered pursuant to a compromise. In this case there was a valid compromise and a decree of distribution agreed upon."

*State v. Probate Court, supra,* and other cases suggest that another principle may be applied to the facts in the instant case. A beneficiary in this will might refuse to accept the portion given. Certainly if he refused to accept the gift, no tax could be collected with respect to him, because there has been no transfer to him. The right to renounce the privilege of accepting the legacy is neither denied nor forbidden by the statutes or any authorities which we have been able to find. Upon his effective renunciation the title to or ownership of the property making up the legacy remains in the estate to be disposed of under the terms of the will or under the intestate law of the state and is taxable in accordance with the nature of the ultimate devolution. Logically, it would seem to follow that, if a beneficiary may renounce the whole legacy, he may renounce a part, and the part so renounced is not subject to the tax as property transferred to him by the will. When a will contest has been amicably settled between the beneficiaries named in the will and the heirs at law and they have in good faith stipulated for a decree of distribution in accordance with the settlement and there is no intent thereby to evade or reduce the inheritance tax, the tax should be computed upon the portion received by each beneficiary under the decree.

This court adopts this theory which justly places the burden imposed by statute upon those who actually receive the money or property, encourages the settlement of litigation, is for the best interests of society, and preserves property otherwise dissipated in payment of fees and court costs for another generation, thus ultimately providing more revenue for the state of Nebraska.

Having taken this position, the court did not commit error in admitting evidence of the effect upon the property of the estate of the litigation growing out of the contest of the will, as it was admissible to show that the stipulation and settlement were entered into in good faith

without collusion of the parties to evade or reduce the inheritance tax.

The decree of the district court is

AFFIRMED.